No. 14737

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

MARY ELLEN HEINTZELMAN,

Plaintiff and Appellant,

vs.

EMERY HEINTZELMAN,

Defendant and Respondent.

_____

Appeal from: District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Thomas A. Baiz, Jr., Great Falls, Montana
Kenneth R. Olson argued, Great Falls, Montana

For Respondent:

Ralph Randono argued, Great Falls, Montana

_____

Submitted: November 8, 1979

Decided: APR 2 - 1980

Filed: APR 2 - 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from an order of the Cascade County District Court modifying the maintenance provision of an original dissolution decree.

The original dissolution decree provided for child custody, child support, and a property division. The decree also required the husband to pay $250 per month in maintenance to the wife. At the time of the dissolution, the husband was employed as a brakeman by Burlington Northern, Inc. earning approximately $24,000 per year, and financially able to pay maintenance.

In April 1976, however, the husband was injured while on the job and as a result his employment was terminated in December 1976. The husband is not employable. Since March 1977, he has been receiving $529.13 per month disability payment from the Railroad Retirement Board, and those payments were increased to $569.29 in June or July of 1978. Additionally, he received $200 monthly from two Prudential Insurance Co. policies although those payments were scheduled to terminate in December 1978. At the time of the modification hearing, the husband also had a FELA claim pending as a result of injuries received while on the job.

On February 3, 1977, the husband filed an affidavit and petition for an order to show cause seeking the elimination of the maintenance provision. He stated in his affidavit that he had sustained a loss of income which will continue, and that he was unable to comply with the maintenance award contained in the original dissolution decree.

On October 18, 1978, a hearing was held. On the next day, the trial court entered findings of fact, conclusions of law, and an order. The trial court found that the wife

-2-

had a monthly income of $228.40 and monthly expenses of $273.62, resulting in a monthly deficit of $45.22. The trial court concluded, furthermore, that there had been a drastic reduction in the husband's income since December 1976, due to the industrial accident which resulted in his unemployment. Finally, the trial court found that the husband was unable to meet the needs of the wife while meeting his own needs, and therefore modified the decree.

The trial court ordered the husband to continue paying child support in the amount of $150 per month for the support of the parties' daughter. However, the trial court eliminated the maintenance provision in the original dissolution decree, to be effective on February 1, 1977. On October 27, 1978, the wife filed a motion for a new trial and this motion was denied by the District Court on December 13, 1978. This appeal followed.

The sole issue on appeal is whether the trial court erred in modifying the original dissolution decree by eliminating the maintenance award.

The wife does not dispute that the husband's disability and reduction in income represents substantial changed circumstances. She does argue, however, that the husband's changed circumstances are not continuing. She argues that the trial court erred in not considering the effect of the husband's impending FELA settlement. The husband contends, on the other hand, that his permanent injury constitutes changed circumstances, and that he has no further earning capacity. In this respect he argues that the changed circumstances must be examined at the time the motion for modification is made. He therefore argues that the trial court was not in error by failing to consider a potential settlement of the FELA claim.

-3-

Under section 40-4-208, MCA, a district court may modify an original dissolution decree as to an award of maintenance only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, or upon written consent of the parties. Kronovich v. Kronovich (1978), ___ Mont. ___, 588 P.2d 510, 35 St.Rep. 1946; Gianotti v. McCracken (1977), 174 Mont. 209, 569 P.2d 929. The parties here did not consent in writing to the modification of the original dissolution decree. With respect to the modification of maintenance provisions, the commission comment discusses the standard imposed in the following manner:

". . . the person seeking modification must show that circumstances have changed since the date of the original order so that the order is unconscionable at the time the motion is made and will continue to be unconscionable unless modified. This strict standard is intended to discourage repeated or insubstantial motions for modification." Uniform Marriage and Divorce Act, §316.

The record shows that the husband had received periodic advances, which he stated would be deducted from a final settlement reached with the Burlington Northern. The FELA claim was pending at the time of the modification hearing, but, the trial court concluded that the possible FELA settlement was too speculative to be properly considered in the modification proceeding. The husband suggested that should he obtain the FELA settlement, it would perhaps constitute a changed circumstance which would permit another modification.

Because of disclosures made to this Court in response to questions from the bench during oral argument, we decline to reach the merits of the question raised here.

Needless to say, if the husband here received his settlement from the railroad, the question raised here would

-4-

be moot for the case would have to be remanded to determine if the wife was entitled to a share in any of the settlement money received, and if so, how much. That is precisely the question that exists here. Upon questioning from the bench, counsel for the husband reluctantly revealed that in fact a settlement had been received. He pointed out, however, that he was not personally involved as the husband's attorney in effectuating the settlement. It appears that the husband dealt with the railroad on his own.

The real problem here, however, is that after the appeal was filed in this case, and during its pendency, counsel for the wife did not bother to ask counsel for the husband if the husband had received a settlement. Counsel for the husband did not bother to inform the wife's counsel that a settlement had been achieved. If this had been done, the parties would then have been in a position to petition to dismiss the appeal without prejudice. This is a clear instance of the failure of counsel to communicate with each other and to inform this Court as to the status of the case. Obviously, if we had been informed that a settlement had been reached, we could have dismissed the appeal without prejudice. This Court should not be burdened with preparing for and hearing appeals that are either premature, or because of intervening circumstances occurring between the time of filing the notice of appeal and the time of hearing, have become moot.

For the foregoing reasons the appeal is dismissed without prejudice and this cause remanded to the District Court for further proceedings to determine whether the wife is entitled to any share of the settlement reached by the husband.

_____
Justice

-5-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_John C. Sheehy_
Justices