No. 80-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

MARY ELLEN HEINTZELMAN,

Plaintiff and Respondent,

vs.

EMERY HEINTZELMAN,

Defendant and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Randono and Donovan, Great Falls, Montana
Ralph Randono argued, Great Falls, Montana

For Respondent:

Conner, Baiz and Olson, Great Falls, Montana
Thomas A. Baiz Jr. argued, Great Falls, Montana

Submitted: June 12, 1981

Decided: July 9, 1981

Filed: JUL 9 - 1981

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Emery Heintzelman appeals from a judgment entered in District Court, Cascade County, awarding his former wife a one-fourth interest in his FELA settlement, past maintenance and permanent maintenance of $250 per month. We affirm in part and reverse in part.

In June 1974, Mary Ellen Heintzelman filed a complaint seeking a dissolution from appellant, Emery Heintzelman. A decree was entered on December 11, 1974, but was later set aside upon motion of Mary Ellen. A final decree was eventually entered on June 30, 1976, specifying that appellant was to pay "$250 per month as and for permanent alimony [maintenance]." The decree was silent as to the date the marriage was terminated, so upon stipulation of the parties it was later amended to relate back to December 11, 1974.

In April 1976, prior to entry of the final dissolution decree, Emery was injured while working for the Burlington Northern Railroad; he stopped working in December 1976. The injury left him permanently disabled, and, as a result, he petitioned the District Court in February 1977 asking that he be relieved of his obligation to pay maintenance. Following a hearing on the petition, the decree was modified, eliminating the maintenance requirement.

Mary Ellen filed a motion for a new trial on the ground that Emery had not shown changed circumstances so as to make the maintenance payments unconscionable. In support of her motion, Mary Ellen pointed out to the court that Emery had an unsettled claim against Burlington Northern under the Federal Employers' Liability Act (FELA). That award, though still speculative at the time of hearing, would compensate

Emery for past and future wage loss as well as for pain and suffering. The motion for a new trial was denied, and Mary Ellen appealed to this Court. Heintzelman v. Heintzelman (1980), ___ Mont. ___, 609 P.2d 295, 37 St.Rep. 653. While the appeal was pending, Emery reached settlement. Thus, we dismissed the appeal without prejudice and remanded the cause to District Court for a determination of the amount of Emery's FELA settlement and whether Mary Ellen was entitled to any share of it.

Upon remand, and after hearing, the District Court concluded that Mary Ellen was entitled to a reinstatement of the maintenance award, plus arrearages, and that she was to receive one-fourth of the net FELA settlement obtained by Emery. From this order, Emery appeals, raising several issues which we frame as follows:

(1) Did the District Court have jurisdiction to award any part of the FELA settlement to Mary Ellen?

(2) Did the District Court err in awarding respondent alimony in the amount of $250 per month?

Emery Heintzelman contends initially that the District Court lacked jurisdiction in 1980 to disturb the property settlement that was entered in this case in 1976. By awarding Mary Ellen a portion of the FELA award--which was not before the court in 1976--the district judge, in effect, reopened the property settlement, contrary to the dictates of section 40-4-208, MCA. We agree that the district judge was without jurisdiction to do this.

Section 40-4-208, MCA, provides that a property settlement may not be revoked or modified unless "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." We note that Mary

-3-

Ellen did not petition the court to reopen the property settlement for a consideration of the FELA award, nor did the district judge make any findings of conditions requiring relief from the judgment. As a basis for modification, Mary Ellen instead directs our attention to the opinion of this Court, dated April 1980, in which we remanded this cause to the District Court "for further proceedings to determine whether the wife is entitled to any share of the [FELA] settlement by the husband." Heintzelman, supra, ___ Mont. at ___, 609 P.2d at 297-298, 37 St.Rep. at 656.

This order was not a directive to the district judge or the parties to relitigate the property settlement. If the opinion in Heintzelman, supra, is read in its entirety, it is clear that we intended the District Court to consider the FELA award only in relationship to the maintenance award. In fact, we noted in that opinion that the sole issue being considered by this Court in that appeal was the propriety of the judge's order setting aside the maintenance award. The issue of the FELA award as an item of marital property was never properly before the court. Therefore, we vacate that portion of the judgment ordering Emery to pay a portion of his FELA settlement to Mary Ellen.

We need not address the contention raised by Emery Heintzelman that the FELA award is not marital property, but rather is separate property and as such is not subject to division. In view of our finding that the District Court lacked jurisdiction to reopen the property settlement, this question is not before the Court at this time.

Emery Heintzelman next argues that the district judge abused his discretion in reinstating the $250 per month maintenance award. He contends that his injury is of such a

nature that he cannot work, and that it is unconscionable to require him to pay maintenance. Mary Ellen argued before the District Court in 1978 and before this Court, that Emery Heintzelman was not able to show "changed circumstances so substantial and continuing as to make the [maintenance] terms unconscionable." Section 40-4-208, MCA.

Permanent maintenance was awarded in June 1976, following Emery's injury, but prior to his receipt of the FELA settlement. After Emery quit working in December 1976, he petitioned the court for a vacation of the maintenance award. The district judge entered an order in October 1978 eliminating that award, finding changed circumstances in that Emery was no longer able to work. From that order, Mary Ellen appealed, arguing that despite the fact that Emery could not work, his financial circumstances had not changed drastically because of his pending FELA award. On appeal, we agreed that this award could affect Emery's ability to pay and should be considered by the district judge. Heintzelman, supra, __ Mont. at ___, 609 P.2d at 297, 37 St.Rep. at 655. For that reason, we remanded the case for a consideration of the effect of the FELA award.

On remand, the district judge concluded that the "husband has failed to make a showing of change of circumstances so substantial and continuing as to make the terms of the alimony award unconscionable." We will not overturn that finding absent a showing of abuse of discretion. Our review of the record convinces us that there was no such abuse here.

Emery argues, as he did with respect to the property settlement issue, that the District Court should not look at the FELA award in considering his financial circumstances, because the FELA settlement constitutes separate property.

He contends that property not reachable in a property division is likewise not available indirectly through a maintenance award. We disagree. Whether his FELA award was subject to division as marital property is not necessary to a determination of the maintenance issue. Rather, we find it appropriate that the district judge considered the FELA award in evaluating Emery's financial circumstances with respect to paying maintenance. We approved such a practice by the district judge in Karr v. Karr (1981), ___ Mont. ____, 628 P.2d 267, 38 St.Rep. 506, 511, and find it relevant here:

> "'While [the husband's] pension cannot be included in the marital property, or used as a set-off, it can be considered as a source of income in arriving at an equitable apportionment required by the statute, just as it may be used in determining alimony or maintenance . . . The federal law may hold our wrist from reaching into [the husband's] retirement salary, but it need not blind our eyes to the reality of the situation.'" (Emphasis added.)

See also sections 40-4-202 and 40-4-203, MCA.

Based on the foregoing, we affirm the district judge's order reinstating permanent maintenance, as of August 1980. We vacate that portion of the judgment awarding arrearages from February 1977 through July 1980. The maintenance encompassed in that time period was vacated by order dated October 1978 because of circumstances existing at that time. That vacation order was not modified until the September 1980 order was entered, which reinstated maintenance, again on the basis of circumstances existing at the time. Thus Mary Ellen is entitled to arrearages only for the period from July 1976 to February 1977, less credit for Emery's overpayment of child support, and the payments obtained by Mary Ellen in executing on Emery's accounts. She is also entitled to $250 per month permanent maintenance.

This cause is remanded to the District Court for pro-
ceedings in conformity with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices