408 So.2d 731 (1982)
Thomas G. HIGGINS, Appellant,
v.
Anne E. HIGGINS, Appellee.
No. AC-480.
District Court of Appeal of Florida, First District.
January 12, 1982.
*732 William D. Barrow, Law Offices of Barrow & Holley, Crestview, for appellant.
Charles J. Kahn, Jr., Levin, Warfield, Middlebrooks, Mabie & Magie, P.A., Pensacola, for appellee.
PER CURIAM.
In 1976, Thomas, a Navy captain, and Anne were divorced following a 20 year marriage. The judgment awarded her $1,000 monthly alimony, possession of a home in New Jersey, custody and child support. It divided responsibility for the bills. After a history of noncompliance resulted in a garnishment of his pension, Thomas petitioned for a reduction in alimony, alleging that Anne was better able to support herself and that he was less able to support himself. The day before the hearing below Thomas deeded his share of the marital home to Anne in satisfaction of over $43,000 in alimony arrearages. The trial court found a substantial change in circumstances and made a new alimony award of $800 monthly. We affirm.
Two issues which are raised on appeal require discussion. First the propriety of considering a military pension as an asset for purposes of alimony after McCarty v. McCarty, ___ U.S. ___, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and second the correctness of the award under the standard of need and ability as expressed in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In the well publicized McCarty case the U.S. Supreme Court held that a military pension was not community property subject to distribution by a state divorce court. The court did not hold that a pension was an asset which could not be drawn on to provide support for the ex-spouse and children. Indeed, as noted in McCarty, Congress has provided for the garnishment of military wages and pensions for just such support, 42 U.S.C. §§ 659, 662. It is clear that the needs of national defense, as seen by Congress, do not require state courts to avoid all use of military pensions in support cases. The McCarty ruling does not prohibit a state divorce court from considering military pensions in support proceedings.
The primary purpose of permanent periodic alimony is "to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris, 382 So.2d at 1201. Permanent periodic alimony is used to provide support within the meaning of McCarty, so there is no violation of McCarty when a Florida court awards permanent periodic alimony after consideration of a military pension as an asset of and property of the retiring spouse. Accord, In re Marriage of Jones, 309 N.W.2d 457 (Iowa 1981).
The factors to be considered in an award of alimony are fully expressed in Canakaris. Anne's testimony as to her needs supports a finding that an award of permanent periodic alimony is not an abuse of discretion. Additionally, Thomas has considerable earning potential. No abuse of discretion was present in the award of $800 monthly permanent periodic alimony.
No abuse of discretion is present in the remaining points on appeal and cross-appeal and they do not require discussion. The judgment is AFFIRMED. Anne Higgins' petition for appellate attorney's fees is GRANTED and the cause REMANDED for determination of the appropriate amount.
ERVIN, BOOTH and THOMPSON, JJ., concur.