McCORD, Judge.
Appellant husband appeals the denial of his motion to vacate the final judgment of dissolution of marriage, in which the trial judge awarded to appellee wife a percentage of appellant’s veteran’s disability and social security benefits as permanent periodic alimony. We affirm.
In Higgins v. Higgins, 408 So.2d 731 (Fla. 1st DCA 1982), and Cullen v. Cullen, 413 So.2d 1196 (Fla. 1st DCA 1982), this Court has ruled that federal law does not preclude a Florida court from awarding permanent periodic alimony based on a percentage of military retirement pensions. For purposes of the question presented, we find no material distinction between military retirement pay and veteran’s disability compensation benefits or social security benefits. Therefore, we conclude that the instant case is governed by the reasoning and rulings of the Higgins and Cullen decisions. Compare Miller v. Miller, 96 N.M. 497, 632 P.2d 732 (1981), in which the Supreme Court of New Mexico concluded that a trial court did not abuse its discretion in awarding alimony where the sole sources of payment were disability compensation benefits payable by the Veteran’s Administration and Social Security.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.