No. 82-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
JAMES CARL BLANKENSHIP,

Petitioner and Appellant,

and

FLORENCE R. BLANKENSHIP,

Defendant and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles Graveley argued, Helena, Montana

For Respondent:

Smith Law Firm; James Sewell argued, Helena, Montana

---

Submitted: April 10, 1984

Decided: May 17, 1984

Filed: MAY 17 1984

_Ethel M. Harrison_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal and cross-appeal from a decree dividing marital property following a divorce in the District Court of Lewis and Clark County.

Husband James Blankenship appeals the division of real property, and wife Florence Blankenship cross-appeals the denial of inclusion in the marital estate of the husband's workers' compensation award and division thereof.

Following entry of a decree dissolving the marriage, the parties and their respective attorneys signed a written property settlement agreement dividing certain real property in the Dry Gulch area near Helena between husband and wife. The agreement dividing the real estate provided in relevant part:

> "Property Distribution. It is agreed that the following property shall be awarded to James Carl Blankenship:
>
> ". . .
>
> "24. Dry Gulch Property; legally identified as Placer Claim Survey No. 101, situated in Section 12, T9N, R4W, Lewis and Clark County; a portion of a parcel of land and the residence at 1792 Dry Gulch Road, Helena; said parcel of land shall consist of the southerly end of the original 16.26 acre tract of land purchased by the parties in May, 1976. Said parcel awarded to JAMES CARL BLANKENSHIP shall include all land and improvements southerly of a Line originating on the westerly boundary of said 16.26 acre parcel excepting any portion of that tract of land, improved with mobile home pads and improvements associated with them, containing 1.26 acres; said Line shall be parallel to the southerly boundary of said 16.26 acre parcel and siad [sic] Line shall be 150 feet northerly of the nearest corner of the existing residence commonly known as 1792 Dry Gulch Road, as shown on attached Exhibit 'A'. Said parcel shall include a right of way easement for the existing roadway that traverses the length of the aforesaid

2

>16.26 acre parcel, and shall include an
>easement to use the existing well located
>in said 16.26 acre parcel; Florence to
>pay electricity for said pump and Carl
>will maintain the same."

Exhibit "A" was a drawing of the Dry Gulch property and is represented as follows:



Hence the dividing line was originally described in the settlement agreement as being: ". . . 150 feet northerly of the nearest corner of the existing residence."

Two days after the parties signed the agreement, their attorneys signed an addendum to the agreement not signed by the parties. The apparent intent was to eliminate ambiguity as to where the dividing line would run and what party would receive the northern half. This addendum set the boundary at a spot fifteen feet north of a garden spot on the parcel and

3

indicated that Florence Blankenship was to receive the land to the north.

The property settlement agreement signed by the parties and their attorneys reserved to the Court the issue of whether the husband's workers' compensation award is marital property subject to equitable distribution by the Court.

On July 30, 1983, following a hearing, the District Court held that the dividing line on the real estate commenced 125 feet north of the residence on the Dry Gulch parcel with husband awarded the southerly portion and wife the northerly portion. This was a compromise of a dispute that arose between the parties after execution of the property settlement and addendum.

The Court further held that the workers' compensation award was not a marital asset and the wife was not entitled to any share thereof.

The issues on appeal and cross-appeal are whether the District Court erred:

(1) in modifying the property settlement agreement and addendum dividing the real estate; and,

(2) in holding the husband's workers' compensation award was not a marital asset subject to distribution.

I

Two statutory provisions are juxtaposed by the first issue in this appeal. On the one hand, section 40-4-201, MCA, provides for parties to a marriage to enter into a property settlement agreement dividing their property. The purpose of this section is clearly set forth: "To promote amicable settlement of disputes between parties . . ." On the other hand, section 40-4-202, MCA, provides the District

Courts with equitable powers to divide property and assets of parties. In the present case, we have a situation where the District Court substituted its particular division of property in lieu of the parties' division as expressed in their property settlement agreement.

Section 40-4-201, MCA, sets forth certain criteria that must be present before a court may disregard a separation agreement. Subparagraph two of the statute states that the terms of the agreement are binding on the court unless it finds the agreement unconscionable. If the court does find the agreement unconscionable, then the court may make its own disposition of the property. Section 40-4-201(3), MCA.

There was no finding in the case at bar that the settlement agreement was unconscionable. The trial court, however, altered the dividing line of the Dry Gulch property. In effect the court substituted its dividing line for the dividing line described in Item 24 of the settlement agreement. This substitution was made because the description set forth in the agreement was alleged by counsel to be confusing.

We find this substitution to be reversible error. There was no requisite finding of unconscionablity prior to the agreement being disregarded. Furthermore, the description in question is unambiguous. As we read the unambiguous, although cluttered, language of the agreement, the dividing line is 150 feet north of the northwest corner of the house: James Blankenship is awarded everything south of that line except that part of the 1.26 acre tract improved with mobile homes lying south of the dividing line. Florence Blankenship is awarded the rest of the 16.26 acre parcel including that portion of the 1.26 acres lying south of the dividing line.

The addendum signed by the attorneys is irrelevant. The court had no power to substitute its judgment for an unambiguous property description; the court's action in fixing the dividing line at 125 feet north of the house is void. The original description as set forth above is reinstated and the decree of dissolution shall be modified accordingly.

By the nature of our decision on this issue, questions concerning the propriety of the addendum signed only by the attorneys are rendered moot.

II

The District Court ruled as a matter of law that the workers' compensation award of James Blankenship was not a marital asset. This ruling precluded distribution of any part of the award to his former wife. The question of whether workers' compensation benefits are marital property is one of first impression for this Court.

In Heintzelman v. Heintzelman (Mont. 1981), 631 P.2d 290, 38 St.Rep. 1074, this Court decided that a District Court could properly consider a husband's Federal Employees' Liability Act (FELA) settlement in evaluating his financial ability to contribute to support or maintenance. We specifically did not reach the question of whether these benefits constituted part of the marital property. In Kis v. Kis (Mont. 1982), 639 P.2d 1151, 39 St.Rep. 119, this Court ruled that a husband's retirement benefits from the Montana Department of Fish and Game were properly included as a marital asset of the parties.

It is clear from the record that James Blankenship was awarded a workers' compensation settlement that he presently

receives in monthly installments. The initial claim was filed during his marriage in 1977. He began receiving payments in January 1981 after he filed for dissolution and prior to issuance of a decree dissolving the marriage.

We are unable to discern from the record the function or purpose of the award; whether the award was made to compensate the claimant for lost earnings or future loss of earning capacity. Nor are we able to discern when the award vested in James Blankenship. The underlying injury for which this award was made is described variously. James Blankenship in his deposition states that he had a continuing back problem, but that there was an accident that caused the injury in June or July 1977. However, his counsel states in a supplemental brief filed with this Court that the injury occurred in 1963, before his client's marriage to Florence Blankenship.

Given the gaps and inconsistencies in the record we are unable to make an informed decision as to whether the workers' compensation award constitutes marital property. We remand to the District Court for an evidentiary hearing on the issue of the nature of the workers' compensation award.

This hearing and subsequent findings should address the following subjects to the extent this information is available:

1. The purpose of the award--that is, was it made for lost earnings, loss of future earning capacity, or some other purpose. The time period of any diminished earning potential or disability will be relevant to our inquiry. The nature and date of the underlying injury should be ascertained.

2. The terms of the award--it is important to note when the award vested in James Blankenship, the total amount

7

of the settlement and any other known specifics of the award itself.

Upon receiving such evidence, the District Court shall enter its findings of fact, conclusions of law and order and return them to this Court for our review.

The judgment of the District Court on the division of the real property is reversed. The judgment pertaining to the workers' compensation award is vacated and the case remanded in accordance with this opinion.

 

 

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

8