OPINION OF THE COURT
George A. Reed, J.
In this action for divorce, the defendant presented evidence that he received money as the result of an automobile accident. The sum of $9,800 was paid for pain and suffering sustained by the defendant and $14,000 was described simply as “no-fault”. No evidence was adduced concerning medical bills or lost wages. Compensation for personal injuries expressly is excluded from the definition of marital property. (Domestic Relations Law § 236 [B] [1] [d] [2].)
No-fault is a creation of the Legislature. It provides a system of benefits to be paid to qualified persons. (Insurance Law art 52.) Distinction is made between economic loss and noneconomic loss. (Insurance Law §§ 671, 5221.) Under Insurance Law § 671, noneconomic loss means pain and suffering and other similar detriment. Since the Domestic Relations Law and the Insurance Law use different terms, it is necessary to resort to judicial construction. Compensation for lost pay should be treated just the same as wages paid by an employer during the same period. Medical and related expenses incurred and reimbursed should be treated as other expenses incurred and paid. For that reason, I construe “compensation for personal injuries” in Domestic Relations Law § 236 (B) (1) (d) (2) to mean “Non-economic loss” as the same is defined in Insurance Law § 671 (3). I hold that the noneconomic loss is separate property and that economic loss is marital property subject to equitable distribution.