468 So.2d 326 (1985)
Norman E. FREEMAN, Appellant/Cross-Appellee,
v.
Sandra J. FREEMAN, Appellee/Cross-Appellant.
No. 84-260.
District Court of Appeal of Florida, Fifth District.
April 11, 1985.
Rehearing Denied May 10, 1985.
*327 Isham W. Adams of Adams & Briggs, Daytona Beach, for appellant/cross-appellee.
James L. Rose of Becks, Becks & Wickersham, Daytona Beach, for appellee/cross-appellant.
FRANK D. UPCHURCH, Jr., Judge.
Norman Freeman appeals from a judgment of dissolution of marriage contending that the court erred in finding that his disability pension was a marital asset subject to equitable distribution and in awarding his wife Sandra a one-third interest in it. The court made the award as lump sum alimony for Sandra's contributions to the sixteen-year marriage.
It is well established that in this state, a trial judge possesses broad authority upon the dissolution of a marriage to fashion an equitable distribution of the parties' assets based upon the needs and abilities of the partners and a consideration of the role played by each during the course of the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981). The remedies available to the trial court to accomplish this include lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a special equity and an award of exclusive possession of property. Canakaris.
There are two types of lump sum alimony. The first type relates to support and requires a showing of need and ability to pay. The second type relates to making an equitable division of marital property and requires showing of a justification for such lump sum payment and a financial ability on the part of the paying spouse. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d at 1201; Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983). Such "justification" *328 may include a wife's "special contributions" to the marriage. Canakaris. In this case, it is this second type we are concerned with and the precise question presented is whether the disability pension[1] is a marital asset subject to equitable distribution or division upon dissolution.
No Florida cases have been cited or found directly on point. It is clear, however, that a retirement pension is properly considered on the question of alimony, i.e., as a source of payment by one spouse for the care and maintenance of the other. See Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984); Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982); Bradley v. Bradley, 385 So.2d 101 (Fla. 5th DCA 1980).
Both the Second District in Clarke v. Clarke, 443 So.2d 486 (Fla. 2d DCA 1984) and the Fourth District in Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981), have held that a retirement pension may be a marital asset. While justification may exist for equitable division of a retirement pension,[2] just as such justification would exist if equivalent moneys were placed in an ordinary savings account, does this reasoning necessarily follow in the case of a disability pension? We think not.
A disability pension, like a retirement pension, may be considered in determining support for a spouse or minor child. See, e.g., Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979); Baker v. Baker, 419 So.2d 735 (Fla. 1st DCA 1982); Campbell v. Campbell, 409 So.2d 236 (Fla. 1st DCA 1982); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981); Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978). However, we conclude that it is not a marital asset for purposes of equitable distribution. Our conclusion derives not from any analogy between such pension and an educational degree,[3] but rather from the nature of a disability pension. Such a pension is designed to compensate an employee for lost earnings and injuries (including pain and suffering) sustained on the job. See In re Marriage of Jones, 13 Cal.3d 457, 119 Cal. Rptr. 108, 531 P.2d 420 (1975). As such, it is personal to the employee and distinguishable from a retirement pension.
Sandra's reliance on Kruger v. Kruger, 73 N.J. 464, 375 A.2d 659 (1977) and In Re Marriage of Smith, 84 Ill. App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884 (1980), which hold that a disability pension received by the husband was marital property available for equitable distribution is misplaced. Both cases are predicated on statutes which provided that all property acquired by either spouse during the marriage was "marital property", with the Illinois statute containing a few specific exceptions.
As previously noted, a disability pension should not be considered a marital asset subject to equitable distribution. However, the pension may be considered in determining an award of alimony.
We reverse and remand for consideration of Sandra's support needs and Norman's ability to pay.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Norman receives the pension for a disability he suffered while employed as a firefighter with the city of Plainfield, New Jersey.
[2] It should be emphasized that the question of whether a retirement pension is a marital asset is not an issue in this case.
[3] Such an analogy is flawed. An educational degree is not a marital asset subject to distribution because "its value, which must be measured by future earning capacity, is too speculative to calculate." Hughes v. Hughes, 438 So.2d 146, 150 (Fla. 3d DCA 1983). This same reasoning is not applicable to a disability pension.