PER CURIAM.
The former husband appeals from a final judgment of dissolution signed April 2, 1984, and from a successor trial judge’s denial of his motion for rehearing, following the trial judge’s recusal on June 15, 1984. We find no error in the successor trial judge’s denial of appellant’s motion for rehearing,[1] even if we assume this is an *708 appealable order.[2] We also affirm the dissolution judgment in all respects except the award of exclusive possession of the marital residence to the former wife. The equitable distribution of marital property and award of permanent alimony were generous, but they were within the ample discretion of the trial judge. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983).
The trial judge awarded the former wife the exclusive use and possession of the jointly owned marital home without any limitations as to time or conditions that might terminate her exclusive right of occupancy. This award was characterized by the trial court as spousal support or alimony. It may also have been based on the special need of appellee because at the time of the trial, appellant’s sixteen year old daughter was residing with appellee in the marital home. See Duncan v. Duncan, 379 So.2d 949 (Fla.1980).
Based on this record and judgment, we are unable to ascertain what a reasonable period of exclusive occupancy would be, or for what purpose. We therefore remand this issue for hearing before a trial judge, to set an appropriate period of exclusive possession and to determine if such reasons for exclusive use still exist. Duncan, 379 So.2d at 952; Firkel v. Firkel, 391 So.2d 351, 352 (Fla. 5th DCA 1980). This award of exclusive use to appellee of the marital home should be viewed in the context of the other awards in the judgment, which we are affirming.
AFFIRMED IN PART AND REMANDED.
SHARP and COWART, JJ., and BAKER, J.P., Associate Judge, concur.

. See Epperson v. Epperson, 101 So.2d 367 (Fla.1958); Groover v. Walker, 88 So.2d 312 (Fla.1956).

. See State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967); Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982); Bay Area News, Inc. v. Poe, 364 So.2d 830 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 456 (Fla.1979); Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3rd DCA 1981); Whigam v. Bornstein, 118 So.2d 252 (Fla. 3rd DCA 1960); Fla.R.App.P. 9.130(a)(4).