545 So.2d 1341 (1989)
David J. WEISFELD, Petitioner,
v.
Pauline S. WEISFELD, Respondent.
No. 71579.
Supreme Court of Florida.
June 15, 1989.
*1342 Maurice Jay Kutner of Maurice Jay Kutner, P.A., Miami, for petitioner.
Kenneth A. Friedman of the Law Offices of Baldwin & Friedman, North Miami Beach, for respondent.
OVERTON, Justice.
We have for review Weisfeld v. Weisfeld, 513 So.2d 1278 (Fla. 3d DCA 1987). The district court reversed both the trial court's denial of the wife's claim to a portion of her disabled husband's workers' compensation award and the award of exclusive possession of the marital home to the disabled husband. We find conflict with Freeman v. Freeman, 468 So.2d 326 (Fla. 5th DCA 1985), and have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we adopt the analytical approach for determining marital interests in workers' compensation awards, disagree with the district court's construction of Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), but approve the result reached by the district court.
The material facts reflect that the Weisfelds were married in 1956 and had two children who had reached majority at the time the dissolution proceeding commenced. In 1979, the husband earned approximately $30,000 as a psychologist employed by Dade County and, in addition, received some supplemental income generated by a private psychology practice. During that year, the husband suffered a work-related ankle injury. He continued to work but, in February, 1980, his leg collapsed and his condition was diagnosed as neurological, requiring corrective surgery. The surgery, performed in May of 1980, left him paralyzed. He spent eight months in the hospital, will probably never be able to walk, and is incontinent in both bladder and bowel. In May, 1981, the husband received a $150,000 workers' compensation settlement for the injury, $100,000 of which was paid then, with $10,000 to be paid annually for five years commencing in January, 1982. The marital home was modified at a cost of $20,000 to accommodate his physical condition. In 1982, he had a heart attack and also underwent gallbladder surgery. In June, 1983, the wife initiated this dissolution proceeding, seeking (a) rehabilitative alimony to enable her to obtain her master's degree; (b) entitlement to the couple's marital home premised on a claim for lump sum alimony because of her husband's deteriorating health conditions; *1343 and (c) entitlement to one-half of all marital assets including the funds derived from the husband's workers' compensation award.
The husband testified that his workers' compensation award was for current and future medical expenses. No other testimony was presented by either party concerning the basis of the settlement award. The record reflects that the husband has been under the care of a psychiatrist for extreme anxiety and depression related to his injuries and is required to have regular physiotherapy for his condition. At the time of the final hearing, the Weisfelds were still plaintiffs in a malpractice action arising out of the surgery which paralyzed the husband. Further, as reflected in the trial court's findings, most of the workers' compensation settlement funds were invested in certificates of deposit and bonds, with some originally placed in joint names but thereafter transferred by the husband to his name alone. The following are the material findings of the trial court:
C. The Court recognizes the difficulty in fashioning an equitable distribution of the assets of this marriage and finds that both parties must equally shoulder the emotional and financial realities of a marital dissolution. The Husband is permanently physically disabled, yet is desirous of pursuing his vocation of psychology on a much reduced schedule. The Wife complains of certain ailments, yet works on a daily basis and is presently working towards her Masters degree.
D. The Court finds that the Wife is in need of, and that the husband is able to pay to the Wife rehabilitative alimony in the sum of ONE HUNDRED ($100.00) DOLLARS per week, which the Court orders him to pay for a period of two (2) additional years from the time of his decree.
E. The Court finds that both parties are joint owners of record of the marital residence and that each is to share equally in the equity of same.
F. The Court has considered the Wife's claim for an award of the marital residence as lump sum alimony or a partition of same. However, in an attempt to balance the equities, the Court recognizes that the Husband has specially adapted this home to fit his needs and maintains same as an office. In order to encourage the Husband to continue to practice his vocation with a minimum of disruption or discomfort, the Court hereby awards the Husband exclusive possession of the marital home, subject to his death, remarriage, or cohabitation with a female. Upon the happening of any of these events, the marital home will be partitioned and each of the parties or their representatives shall be entitled to share the equity equally. The Husband shall make all payments during such possession, including mortgage, taxes, insurance, utilities and all repairs and maintenance. At the time of eventual sale, the Husband or his representative will be entitled to a credit of one-half of all payments made for such purposes.
G. The Court awards sole title and entitlement to all bonds and Certificates of Deposit to the Husband. It is the finding of the Court that these monies were derived as the result of the injuries the Husband sustained and cannot, by any [stretch] of the imagination, be considered marital assets, but belong to the Husband alone.
The district court reversed the trial court judgment, holding the trial court erred: (1) by finding that the funds derived from the husband's workers' compensation award were not marital property subject to equitable distribution; and (2) in awarding the husband exclusive possession of the marital home because the need for possession was not directly connected to any support obligation.

Workers' Compensation Award as Marital Property
The district court found the proceeds of a workers' compensation award could be marital property and adopted the principles of the "analytical" approach to be utilized in determining whether the wife is entitled to a portion of the workers' compensation proceeds. The district court noted that the trial court's inquiry should focus "on the elements of damages the particular award *1344 was intended to remedy or, stated another way, the purpose of the award," 513 So.2d at 1281, and concluded that the trial court was under the "mistaken belief that workers' compensation awards are simply not marital property," and directed the trial court to hold hearings to establish "what portion of the award is marital property subject to equitable distribution." Id. at 1282. In so holding, the district court set forth the following principles for allocating damage awards:
[D]amage awards may be separated into three different components: (1) compensation for the injured spouse for pain and suffering, disability, and disfigurement, (2) compensation for the injured spouse for lost wages, lost earning capacity, and medical and hospital expenses, and (3) compensation for the uninjured spouse for loss of consortium. Compensation paid to a spouse for non-economic and strictly personal loss under (1) and (3) is considered that spouse's personal property, while the portion of damages paid to the injured spouse under (2) as compensation for economic loss during the marriage is marital property.
513 So.2d at 1281 (citations omitted).
In Freeman, the Fifth District Court of Appeal recognized that a disability pension, like a retirement pension, may be considered in determining support for a spouse or a minor child, but concluded that "it is not a marital asset for the purposes of equitable distribution" because a disability pension "is designed to compensate an employee for lost earnings and injuries (including pain and suffering) sustained on the job. See In re Marriage of Jones, 13 Cal.3d 457, 119 Cal. Rptr. 108, 531 P.2d 420 (1975). As such, it is personal to the employee." 468 So.2d at 328. Given the fact that workers' compensation benefits are designed to compensate an injured worker for diminution in earning capacity, loss of earnings, and necessary medical expenses,[1] it is in part difficult to reconcile all the factors contained in the opinion of the Third District Court of Appeal in the instant case with Freeman.
There is no uniformity among the states concerning the treatment of workers' compensation awards.[2] They are generally considered with other personal injury awards. See 2 Valuation and Distribution of Marital Property § 23.08 (J. McCahey ed. 1988). Three basic approaches exist.
The first is the mechanistic approach. In most instances, under this approach, if a personal injury or workers' compensation award was acquired during the marriage, then it must be considered marital or community property and divided as such unless it falls within specific but limited statutory exceptions. The courts are controlled strictly by the statutory definition of what is separate and what is marital property. Arkansas, Colorado, Illinois, Michigan, Missouri, Nebraska, Pennsylvania, and Vermont *1345 follow this view. See Liles v. Liles, 289 Ark. 159, 711 S.W.2d 447 (1986); In re Marriage of Fieldheim, 676 P.2d 1234 (Colo.Ct.App. 1983); In Re Marriage of Dettore, 86 Ill. App.3d 540, 42 Ill.Dec. 51, 408 N.E.2d 429 (App.Ct. 1980); Heilman v. Heilman, 95 Mich. App. 728, 291 N.W.2d 183 (Ct.App. 1980); Jobe v. Jobe, 708 S.W.2d 322 (Mo. Ct. App. 1986); Maricle v. Maricle, 221 Neb. 552, 378 N.W.2d 855 (1985); Platek v. Platek, 309 Pa.Super. 16, 454 A.2d 1059 (Super.Ct. 1982); Condosta v. Condosta, 136 Vt. 360, 395 A.2d 345 (1978).
The second approach is analytical and looks to the nature of a workers' compensation or personal injury damage award to determine whether the property is separate, belonging to one of the spouses, or marital property subject to distribution. Under this approach, the damage award is allocated in accordance with the following: (a) the separate property of the injured spouse includes the noneconomic compensatory damages for pain, suffering, disability, and loss of ability to lead a normal life and the economic damages which occur subsequent to the termination of the marriage of the parties, including the amount of the award for loss of future wages and future medical expenses; (b) the separate property of the noninjured spouse includes loss of consortium; and (c) the marital property subject to distribution includes the amount of the award for lost wages or lost earning capacity during the marriage of the parties and medical expenses paid out of marital funds during the marriage. The marital property should also include those funds for which no allocation can be made. In adopting this analytical approach, the Third District relied on the principles set forth in Johnson v. Johnson, 317 N.C. 437, 346 S.E.2d 430 (1986). That decision illustrates how the amount awarded for lost wages or lost earning capacity for the period during the marriage and medical and hospital expenses paid out of marital funds is separated from an amount awarded for lost wages and hospital and medical expenses incurred subsequent to the marriage. The former were identified as marital property subject to distribution and the latter the separate property of the injured spouse.
While community property states originally followed the mechanistic approach treating a personal injury award as part of a marital couple's community property, Texas was one of the first to change, adopting the analytical approach in Graham v. Franco, 488 S.W.2d 390 (Tex. 1972), in which it reasoned:
[T]he body of the wife brought into the marriage was peculiarly her own; and that if any "property" was involved in a personal injury to the wife, it was peculiarly hers. If her house, her separate property, were set afire and destroyed by a third person, the recovery should be her separate property. If an automobile were owned by the wife before marriage and was injured or destroyed, the recovery should go to repay the loss or damage to her separate property. So, the reasoning continues, if the arm of the wife is cut off, the recovery for the loss because of disfigurement and for the attendant pain and suffering should go to the wife. The reasoning is that the recovery is a replacement, in so far as practicable, and not the "acquisition" of an asset by the community estate.
Id. at 394. New Jersey has followed the same approach in restrictively construing its equitable distribution statute. Amato v. Amato, 180 N.J. Super. 210, 434 A.2d 639 (Super.Ct.App.Div. 1981). With the exception of California, all community property states and a number of equitable distribution states have adopted the analytical approach. The following cases reflect the adherence to the analytical approach by the community property states: Jurek v. Jurek, 124 Ariz. 596, 606 P.2d 812 (1980); Rogers v. Yellowstone Park Co., 97 Idaho 14, 539 P.2d 566 (1974); Placide v. Placide, 408 So.2d 330 (La. Ct. App. 1981); Frederickson & Watson Constr. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627 (1940); Luxton v. Luxton, 98 N.M. 276, 648 P.2d 315 (1982); Graham v. Franco, 488 S.W.2d 390 (Tex. 1972). The following cases represent equitable distribution jurisdictions which have adopted the analytic approach: Campbell v. Campbell, 255 Ga. 461, 339 S.E.2d 591 (1986); Van de Loo v. Van de Loo, 346 *1346 N.W.2d 173 (Minn. Ct. App. 1984); In Re Marriage of Blankenship, 210 Mont. 31, 682 P.2d 1354 (1984); Rich v. Rich, 126 Misc.2d 536, 483 N.Y.S.2d 150 (Sup.Ct. 1984); Johnson v. Johnson, 317 N.C. 437, 346 S.E.2d 430 (1986). See generally 2 Valuation and Distribution of Marital Property § 23.08[1][b] (J. McCahey ed. 1988).
The third approach we characterize as unitary. It simply determines that the entire award made is the separate property of the injured spouse because it is uniquely personal to that individual. See, e.g., Unkle v. Unkle, 305 Md. 587, 505 A.2d 849 (1986); Izatt v. Izatt, 627 P.2d 49 (Utah 1981).
Both the petitioner and the respondent take the position that we should adopt the analytical approach. However, the petitioner asserts that each case should be determined upon its own peculiar facts and in accordance with the factors set forth in an article by Marsha B. Elser and Jared G. Anton, as follows:
(1) Any allocation set forth in the jury verdict making the personal injury award.
(2) The proximity in time of the dissolution action from the accrual of the personal injury cause of action.
(3) The severity of the injury and the permanence of any physical handicap.
(4) Whether the injury sustained affected the duration of the marriage.
(5) The effect of the injury on the conduct of the parties.
(6) Any other factors which should be considered to bring about an equitable result.
Distribution of Personal Injury Awards upon Divorce, 56 Fla.Bar J. 552, 557 (1982). Petitioner also asserts that, in applying these principles to the instant case, the monumental medical and related health expenses faced by the petitioner for the rest of his life make it an exercise in judicial futility to remand this cause to the trial court for a determination of the respondent wife's interest in this award.
We adopt the analytical approach as outlined above in accordance with the Johnson principles. While factors (2) through (6) in the Elser article would be appropriate in determining the distribution of marital property, they should not be used to determine what is separate and what is marital property. As noted, application of this approach requires an understanding by the trial judge of the purpose of the damage award. We note that calculation of past and future loss of wages and earning capacity, as well as past and future medical expenses, should be governed by when the marriage has ended. Past lost wages and loss of earning capacity and past medical expenses paid from marital funds are marital property. Damages for future loss of earnings and loss of earning capacity and future medical expenses are the separate property of the injured spouse. Of course, the amount received by the injured spouse for future loss of wages may be taken into account in determining alimony and support awards.
In the instant case, the injuries were catastrophic and, within three years of the injury and two years of the settlement, this dissolution was initiated by the wife. The only testimony regarding the purpose of the workers' compensation award was from the husband, who stated the award was for both current and future medical expenses. No testimony was presented by the wife to rebut this evidence. The wife contended that the entire award was marital property and that she was entitled to one-half the award. The husband, on the other hand, argued it was all his separate property. The mechanistic, analytical, or unitary approaches were not presented as such to the trial court. In reality, the wife argued for the result of the mechanistic approach, while the husband asserted the unitary approach. As noted above, the trial court, on the evidence and arguments presented, ruled that the monies received "were derived as a result of the injuries the husband sustained and ... belong to the husband alone." The district court rejected this finding and characterized the trial court's ruling as a conclusion that workers' compensation awards may never be marital property. That is a reasonable interpretation of the trial court's ruling under these *1347 circumstances. However, the trial court's holding cannot be faulted because it was never presented with the analytical approach adopted by the district court and now approved by this Court. The trial judge addressed this particular settlement award of workers' compensation proceeds within the context of the claims made by the wife in her pleadings that she was entitled to one-half the husband's workers' compensation settlement award and the response by the husband that she was entitled to nothing. We have, by this opinion, approved the analytical approach in determining what part, if any, of this workers' compensation award is marital property. Unquestionably, Florida law was unsettled at the time the trial court considered this matter, and, consequently, we agree with the district court that the trial judge should now re-examine such interest as the wife may have in this workers' compensation award under the analytical approach set forth in this opinion.

Exclusive Custody of the Marital Home
With regard to the exclusive custody of the marital home, the district court rejected the exclusive possession awarded to the husband, finding it did not meet the requirements set forth by this Court in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), and remanded for reconsideration. Under the district court's decision, it has interpreted our Duncan decision to mean that the disability of a spouse is not a factor that should be considered in determining whether a spouse is entitled to exclusive possession of the marital home. We disagree and find that a disability suffered by one spouse during the marriage is a factor to be considered in determining whether exclusive custody of the home place should be allowed. The trial judge recognized, in making the exclusive possession award, that there were special circumstances in this case, including that the marital home had been especially modified at a cost of $20,000 to accommodate the husband's disability, and that, if allowed to remain in the home, the husband would have a greater ability to continue his limited psychology practice which would generate sufficient income to pay the wife the rehabilitative alimony directed in the final judgment. Rehabilitative alimony was provided to improve the wife's professional skills by assisting her in obtaining a master's degree and, consequently, allowing her to improve her employability and income.
In Duncan, we stated:
The award of "exclusive possession" of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose... .

... .
An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances.
379 So.2d at 952 (emphasis added). The property at issue in Duncan was an Alabama residence owned by the parties and occupied by the husband's parents. We found in that case that the fiscal condition of the parties, the husband's ability to provide support, and the termination date of the possession were factors which gave the trial court the discretion to award the husband exclusive possession of the property for the occupancy of his parents. We concluded that to do otherwise would reduce the husband's fiscal ability to support his family, and such circumstances sufficiently established a demonstrated need which enabled the trial judge, in his discretion, to make the exclusive possession award. The trial judge in the instant case also concluded that the Weisfelds' specially modified home was connected with the support provisions of the final judgment. Similar to Duncan, we find the unique facts and circumstances of the parties here sufficient to vest the trial judge with the discretionary authority to award exclusive possession of the marital home, subject to periodic reevaluation. As we noted in Duncan, such an award should not be for an indefinite *1348 period of time. However, because we are remanding for consideration of the wife's interest in the workers' compensation award, we also authorize the trial judge to revisit the exclusive possession award in order to afford him the opportunity to consider this matter in its entirety.
We commend the judge in this matter for being sensitive in attempting to fashion a fair and equitable solution to some very unique problems presented in this dissolution proceeding. We note that when one spouse suffers the misfortune of a disabling disease or injury during the marriage, that disability is borne in part by the other spouse. As it is in marriage, so must it also be in divorce. The physical misfortune of one spouse clearly cannot be utilized to improperly benefit the noninjured spouse. We also note that the recent equitable distribution legislation does not expressly address personal injury, workers' compensation, or disability awards. See § 61.075, Fla. Stat. (1987).
For the reasons expressed above, we approve the result of the district court's decision and remand with directions to the trial judge for reconsideration in accordance with the views expressed in this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Chapter 440 recognizes the generally accepted objectives of workers' compensation: to replace wages lost by workers disabled by a job-related injury or sickness; to provide medical and vocational rehabilitation; and to provide for payment of disability benefits calculated based on the employee's wages and the extent of the injuries sustained. §§ 440.13(2)(a), .15, Fla. Stat. (1987).
[2] Several states, including Arizona, California, Kentucky, Montana, and Texas, appear to categorize workers' compensation benefits as wages. See, e.g., Bugh v. Bugh, 125 Ariz. 190, 608 P.2d 329 (Ct.App. 1980); In re Marriage of Robinson, 54 Cal. App.3d 682, 126 Cal. Rptr. 779 (1976); Mosley v. Mosley, 682 S.W.2d 462 (Ky. Ct. App. 1985); In re Marriage of Blankenship, 210 Mont. 31, 682 P.2d 1354 (1984); York v. York, 579 S.W.2d 24 (Tex.Civ.App. 1979). Other jurisdictions, including Idaho, Louisiana, and Minnesota, adopt the approach which treats a workers' compensation award as a personal injury recovery. See, e.g., Cook v. Cook, 102 Idaho 651, 637 P.2d 799 (1981); West v. Ortego, 325 So.2d 242 (La. 1975); Gerlich v. Gerlich, 379 N.W.2d 689 (Minn. Ct. App. 1986). Illinois and Michigan have classified workers' compensation claims still pending at the time of divorce as marital property, see, e.g., In re Marriage of Thomas, 89 Ill. App.3d 81, 44 Ill.Dec. 430, 411 N.E.2d 552 (App.Ct. 1980); Hughes v. Hughes, 132 N.J. Super. 559, 334 A.2d 379 (Super.Ct.Ch.Div. 1975), while New Mexico categorizes periodic workers' compensation payments received during the marriage and after coverture as the injured worker's separate property on the theory that the payments represent compensation for personal injury rather than lost wages. Richards v. Richards, 59 N.M. 308, 283 P.2d 881 (1955).