553 So.2d 340 (1989)
Gussie HANKS, Appellant,
v.
Freddie HANKS, Appellee.
Nos. 89-0221, 89-0335.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
*341 A. Alfred Schreiber of Schreiber, Schreiber & Schreiber, Hollywood, for appellant.
W. George Allen of the Law Office of W. George Allen, Fort Lauderdale, for appellee.
WARNER, Judge.
The wife raises eight points on appeal from a final judgment of dissolution, and the husband raises three points on cross-appeal. The issues involve equitable distribution of marital property, an award of permanent alimony, and failure to award attorneys fees and costs. We affirm in part and reverse in part.
The parties had been married for twenty-three years at the time of dissolution. Both husband and wife were of retirement age and in poor health. The assets in question in this dissolution consisted of a "mom and pop" grocery store and building which included the marital residence in the back; three duplexes and a vacant lot; and several bank accounts and miscellaneous cars. The grocery store had been purchased prior to the marriage, but substantial improvements were made during the marriage. Two of the three duplexes were also purchased prior to the marriage. The wife also claimed that $30,000 held by the husband in trust for his mother was derived from marital funds.
The income of the parties from the grocery store was the subject of widely divergent testimony. The wife's expert concluded that the income from the store was around $55,000, while the husband testified that he only made about $9,000 per year. The wife worked in the store without salary throughout the marriage. The husband also received a disability pension of $754 per month. The parties argued about money throughout their marriage, mainly because, as the trial court found, the husband was very secretive about his holdings and income. The wife always suspected that the store made far more money than her husband disclosed to her, and when she was in charge of running the store for a period of time due to the husband's illness, the wife discovered that the store actually grossed about $300 per day.
In the final judgment the trial court awarded the wife one-third of the value of the marital home and grocery store building, awarded the husband exclusive possession of the grocery store, and awarded the wife exclusive possession of the marital home. However, the trial court determined that it would not make equitable distribution of the business, finding that it would only increase problems in the future between the parties as to what the husband had done with the money. The trial court also divided all jointly owned bank accounts equally; refused to award a share of the $30,000 trust account to the wife; divided equally "two" duplex properties and the vacant lot acquired by the husband "subsequent" to the marriage; divided various other funds and the automobiles of the parties; awarded the wife $1,000 per month in permanent alimony; and denied any claim for attorneys' fees.
The first issue raised by the wife is the equitable division of the marital home and grocery store building by the court. The wife claims both that she was entitled to more than one-third of the value of the real property and that the court erred in awarding exclusive possession of *342 the store to the husband and ordering her to occupy the marital residence. The husband cross-appeals claiming that the court erred in awarding the wife any interest in the store which was purchased prior to marriage. With respect to the division of this marital asset, no reversible error is presented. The store/marital home was in part a non-marital asset because of its purchase prior to the marriage, but the value of its enhancement and improvement subsequent to the marriage must be treated as marital assets for purposes of equitable distribution. Turner v. Turner, 529 So.2d 1138, 1141 (Fla. 1st DCA 1988). Furthermore the wife must be credited for her contributions both by her work in the business as well as her contributions as a wife throughout the course of the marriage. Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986). The court used an elaborate formula to evaluate both the non-marital portion of the asset as well as the value of the wife's contribution to the business. While we may not agree with all of his calculations, the result reached was not an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).[1]
However, it was error to award the husband exclusive possession of the store property for an indeterminate period. Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980); Warren v. Warren, 480 So.2d 707 (Fla. 5th DCA 1986). While this may be a circumstance where exclusive possession of the property is appropriate so that the husband can operate the grocery store business, the trial court awarded him exclusive possession even past the time in which the store may occupy the property. The trial court cannot indefinitely postpone the wife's entitlement to her share of the major asset of the marriage.
As to the wife's claim that the trial court erred in awarding her exclusive use of the marital home, this point is moot as the wife has moved from the marital residence. The trial court had authority to award exclusive possession of the property to the wife in discharge of the husband's support obligations although it should be for a specified period. Duncan v. Duncan, 379 So.2d 949, 952. Further, the wife can hardly be heard to complain about this award as she requested this relief in her pleadings.
In determining the equitable distribution of assets the trial court erred in refusing to consider the value of the grocery store business. The court reasoned that awarding the wife a portion of the business would only increase problems between the parties. Although the business was opened prior to the marriage, both parties spent their time and efforts enhancing its value during the marriage. Therefore it was a proper asset for the court to allocate in equitably distributing the assets of the marriage. Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988). While the trial court was not required to divide the marital business, it should have valued the business and calculated the parties shares of marital assets including the business. The wife then could be awarded other assets to compensate her for an equitable share of the business itself.
The wife also disputes the distribution of the duplexes made by the trial court. The wife contends that she received a proper share of two of them but is entitled to a division of the third. The husband, on the other hand, interpreted the final judgment as awarding to him two of the duplexes and giving one of the duplexes to the wife. There is an obvious confusion caused by the final judgment which states that two duplexes were purchased subsequent to the marriage. In fact, two duplexes were purchased prior to the marriage, and only one was purchased subsequent to the marriage. We therefore must remand to the trial court to clarify its judgment as to the duplexes. Upon remand, the wife would not be entitled to any enhancement of the value of the premarital *343 duplexes caused by passive increases due to inflation and growth factors in the market. Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987).
The wife further contends that the court erred in omitting from equitable distribution the asset value of the husband's disability pension from the veteran's administration. While this income may be viewed as a source for the payment of alimony, a disability pension is not a marital asset subject to equitable distribution. Freeman v. Freeman, 468 So.2d 326 (Fla. 5th DCA 1985); Baker v. Baker, 419 So.2d 735 (Fla. 1st DCA 1982).
The award of alimony is challenged as inadequate by the wife and as error by the husband since the wife was awarded lump sum alimony. We agree that the award of alimony was inadequate. The wife's expenses are nearly three times the award of alimony according to her financial affidavit. While the wife received about $60,000 in liquid assets, these would have to be used in order to support the wife. "Requiring a wife to deplete her capital assets in order to maintain her standard of living is wrong as a matter of law." DeCenzo v. DeCenzo, 433 So.2d 1316, 1318 (Fla. 3d DCA 1983). The husband was awarded the lion's share of the assets, including the cash producing business. It is apparent from the record that the husband has the ability to pay alimony, and the wife has the need for alimony. The award of $1,000 per month will not meet that need. However, the amount of that need and her ability to meet it with her own income will be affected by the redistribution of assets which will occur as a result of this opinion. Upon remand, the trial court should reconsider the award of alimony after it equitably distributes the properties of the parties in accordance with this opinion.
The last claim we consider is the trial court's failure to award attorney's fees and costs to the wife. This was error under the distributions made to the husband in this case. The party requesting fees and costs need not be completely unable to pay for the same in order to be entitled to costs. Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980). The husband here had both greater assets and income from which to pay the wife's attorney's fees. We therefore reverse and remand for redetermination upon the trial court's redistribution of the financial assets of this marriage.
With respect to the remaining issues raised by the wife and the husband, we find no merit and affirm.
Reversed and remanded for further proceedings consistent with this opinion.
LETTS and GARRETT, JJ., concur.
NOTES
[1] Although this was not a Landay case (Landay v. Landay, 429 So.2d 1197 (Fla. 1983)) since the real property was not held jointly, had the Landay formula been applied and the pre-marital contribution been excluded, the wife would have ended up with less than the trial court awarded her.