705 So.2d 123 (1998)
Joseph E. WHITE, Appellant,
v.
Sandra G. WHITE, Appellee.
No. 97-01723.
District Court of Appeal of Florida, Second District.
January 23, 1998.
Russell J. Ferraro, Jr. of Russell J. Ferraro, Jr. & Associates, Stuart, for Appellant.
Joseph R. DeCiantis, Venice, for Appellee.
NORTHCUTT, Judge.
Joseph White challenges the circuit court's modification of the final judgment dissolving his marriage. He raises points concerning modification of alimony, distribution of proceeds from a personal injury settlement, and the form of the modification order. We affirm without discussion on all issues, except those addressing the settlement proceeds.
Mr. White was injured in an accident that occurred approximately sixteen months before Mrs. White filed her petition for dissolution of marriage. In April 1993, when the court entered the final judgment of dissolution, it noted that at that time it was unable to determine the value of the husband's claim or what portion might be a marital asset. It reserved jurisdiction to determine an equitable distribution of the claim in the future. In July 1993, the husband settled his personal injury suit for $90,000. He received $45,911.55, after his medical bills and other fees were paid from the settlement proceeds. In her petition for modification, the wife sought an equitable distribution of the settlement award. The circuit court found that Mr. White obtained an "unallocated distribution" as a result of the settlement, and that the distribution was a marital asset. It awarded Mrs. White one-half of the proceeds. The trial court erred.
In Weisfeld v. Weisfeld, 545 So.2d 1341, 1346 (Fla.1989), our supreme court adopted an analytical approach to determine whether an award for personal injury was *124 marital property, and thus subject to equitable distribution. Under this analytical approach, the portion of the award considered marital property consists of the amount awarded for lost wages or earning capacity during the marriage, medical bills paid from marital funds during the marriage, and any other funds for which allocation cannot be made. 545 So.2d at 1345. Here, Mrs. White successfully argued that the entire amount Mr. White received was an unallocated distribution, and thus, marital property. Her contention was based on the fact that the release Mr. White was obliged to sign as part of the settlement did not specifically allocate the funds to any particular category. This position ignores Mr. White's testimony that the money was to compensate for future injuries, losses and damages. Compensation for future loss of earnings and earning capacity and for future medical expenses are the separate property of the injured spouse. Id. While a jury verdict will often allocate dollar amounts for each type of damage, a release generally does not. The only testimony regarding the purpose of the award came from the husband. Mrs. White did not present any evidence to rebut his allocation. In fact, the release itself supported the husband's position. It stated that the settlement covered "not only all known injuries, losses and damages, but any future injuries, losses and damages not now known or anticipated...."
The unrebutted evidence established that the personal injury award was the husband's separate property, not subject to equitable distribution. We reverse and remand with directions to award the husband the entire amount of the settlement.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.