HARRIS, J.
The issue in this case is whether a settlement received by the husband for injuries received in an automobile accident is marital property.[1] The settlement was structured so that the husband released *159 “all known or unknown claims for bodily and personal injury to the plaintiffs or plaintiffs descendant which have resulted or may result from....” As the settlement proceeds were received, they were placed into the parties’ joint account.
Because the settlement agreement did not allocate the settlement funds to any specific category, this case is similar to White v. White, 705 So.2d 123 (Fla. 2d DCA 1998). And while the deposit of funds received from the injury into a joint account might render such deposit a gift, it does not affect future funds not so deposited.
We find the wife failed to demonstrate that the settlement from the accident was a marital asset and that the trial court erred in holding that it was. That is not to say, of course, that the settlement proceeds may not be considered as a source of income from which alimony may be appropriate. Because the award of the settlement as marital property affected the entire dissolution award, we remand to the court to reconsider all requested relief, including attorney’s fees, in light of this opinion.
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.

. This case involves two accidents with two corresponding settlements. However, any differences in the structure of the settlements or the language of the settlement agreements are inconsequential,