WOLF, J.
The former husband appeals a final judgment of dissolution of marriage. He raises two issues on appeal: 1) whether the trial court erred in entering its final order awarding the former wife $40,000 in lump-sum alimony from the former husband; and 2) whether the trial court erred in awarding the former wife attorney’s fees from the former husband. We reverse and remand as to both issues because of the trial court’s failure to address the husband’s ability to pay the lump-sum alimony and also meet his reasonable living expenses.
The appellant and appellee were married on November 27, 1982. They had a child together, who is now 15 years old.[1] The former husband, age 46, filed a petition for dissolution of marriage and other relief on November 13, 2000. The former wife, age 41, filed a counter petition and sought alimony based on the claim that her employment left her unable to support herself in the manner established during marriage.
The former husband was injured in 1993 on the job, and has not worked since then. In January 2001, he settled his worker’s *1031 compensation claim for a lump-sum of $220,000. The stipulation in support of the joint petition for an order approving a lump-sum settlement allocated $115,000 of the award for past and future compensation benefits, $103,000 for future medical expenses, and $2,000 for rehabilitation and training expenses. At the final hearing in December 2001, the former husband testified that he had approximately $60,000 left from the $220,000 settlement after paying medical bills and other debt, buying a truck, and using the money for living expenses for nearly a year-; he also loaned money to his brother and to a friend, which he expects will be paid back.[2] The former husband further testified he has a GED high school diploma, has unsuccessfully attempted rehabilitation twice, and is unable to work.
The former wife’s financial affidavit lists her net monthly income as $1,347 and total monthly expenses as $1,543; she testified that she has $12,000 in debt. The former wife also testified that during the time the former husband was injured and not working, she took care of him and their son and took on a second job to help support the family.
In the final judgment of dissolution, the former husband was ordered to pay $40,000 in lump-sum alimony and half of the former wife’s attorney’s fees. In support of the award of lump-sum alimony, the trial court stated its reasoning as follows:
The Court recognizes that this is a long term marriage as the Parties were married in November of 1982. The Wife contributed significantly to assist the Husband with his problems which resulted from injures he sustained in an on-the-job accident. She is relatively young, being 41 years of age and in reasonably good health. The Wife is able to and does work two jobs although not simultaneously; the jobs are consecutive seasonal jobs where the Wife is a school bus driver during the school year and is employed by the Escambia County Transit System when school is not in session. This Court finds that the Wife is entitled to alimony in finding her need. If the Husband had the ability to pay, the Wife’s needs would indicate an alimony award in the $500-1,000 per month range, say $700. However, the Husband is not able to pay permanent periodic alimony as he is disabled; (he has no income). The Court determines that the Wife would otherwise be entitled to $8,400 per year. Assuming the Wife has a life span of approximately 30 more years, this stream of payments to her and from the Husband would amount to $252,000. However, this Court finds that lump sum alimony is a more appropriate remedy as permanent periodic alimony is not indicated due to the Husband’s inability to work and lack of any income. The Court does not believe that a reasonable employer would hire the Husband given his presentation. The Court has the authority to utilize the funds received from the Husband’s accident in formulating a lump sum alimony award. Therefore, within thirty (30) days within entry of this Judgment, the Husband shall pay over to the Wife the sum of forty thousand dollars ($40,000) to her to pay off her indebtedness and put some funds aside to assist her.
It is appropriate for a trial court to award lump-sum alimony as a basis for support. See Levin v. Levin, 745 So.2d *1032 1077, 1079 (Fla. 1st DCA 1999). It is also appropriate for the trial court to utilize a portion of the worker’s compensation settlement in calculating the amount of a lump-sum award of alimony. See Weisfeld, v. Weisfeld, 545 So.2d 1341, 1346-1347 (Fla.1989) (emphasis added) (holding that although future lost earnings and future medical expenses are the separate property of the injured spouse, the amount of a workers compensation settlement received by the injured spouse for future loss of wages could be taken into account in determining alimony). Entitlement to alimony is based upon the needs of the requesting spouse and the ability of the responding spouse to pay. See Levin, 745 So.2d at 1079. A review of the trial court’s order in the instant case indicates that the court focused on the needs of the requesting spouse without adequately addressing the former husband’s ability to pay the lump-sum amount and also meet his reasonable living expenses. The court’s reasoning as to the former husband’s ability to meet reasonable living expenses is especially critical in this case for two reasons. First, the trial court specifically determined that the former husband was unable to work and that he lacked income. Second, it is unclear what portions of the worker’s compensation settlement were utilized in determining the former husband’s ability to pay. We are unable to determine from the record if the court followed the dictates of Weis-feld. We, therefore, reverse and remand the award of lump-sum alimony for the trial court to reassess the award based on the factors enumerated in section 61.08, Florida Statutes (2001).
Since the issue of the former husband’s ability to pay is also pertinent to the issue of attorney’s fees, we also reverse the award of attorney’s fees and remand for reassessment of that issue.
ERVIN and PADOVANO, JJ., concur.

. The former husband has custody of the child, and the former wife pays child support in the amount of $240 per month.

. $10,000 of this amount was to be repaid by a friend, and $70,000 was to be repaid by his brother upon sale of the brother’s house where the former husband and his brother were living.