988 So.2d 1273 (2008)
Thomas N. KAY, Appellant/Cross Appellee,
v.
Cynthia Ann KAY, Appellee/Cross Appellant.
No. 5D07-1014.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
William S. Graessle of William S. Graessle, P.A., Jacksonville, for Appellant/Cross Appellee.
James G. Roberts and Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for Appellee/Cross Appellant.
EARP, J., Associate Judge.
In this appeal from a dissolution of marriage judgment, Thomas Kay ("the husband") challenges the trial court's equitable distribution of marital assets and award of attorney's fees to Cynthia Kay ("the wife"). The wife cross-appeals the trial court's equitable distribution of marital assets. Only two issues raised by the *1274 parties merit discussion  the court's distribution of the husband's disability insurance benefits and an award of attorney's fees to the wife. We conclude that the trial court's disposition of the disability insurance benefits is contrary to established law and that the award of attorney's fees is without evidentiary foundation, and therefore, reverse on those issues. In all other respects, the final judgment is affirmed.
One day prior to the scheduled trial of this matter, the husband was hospitalized for depression. Because the husband was unavailable for trial, his attorney filed an emergency motion for a continuance. The hearing on that motion was held the same day. At the hearing, the husband's attorney explained that the husband had been admitted to the hospital and was too ill to appear in court. The wife objected to a continuance, arguing that the husband was merely attempting to delay the trial, as he had done on previous occasions. The wife's attorney advised the court that the wife was prepared for trial, had four witnesses under subpoena, and that he had expended approximately 50 hours preparing the case and spent more than $15,000 in trial preparation. Although the attorneys argued the merits of their positions, there was no evidence taken at the hearing on the motion for continuance. The wife's attorney requested that the trial court deny the motion, or alternatively, order the husband to pay all of her trial preparation expenses.
The trial court granted the emergency motion for continuance, but stated that it believed the husband's condition was contrived and that he admitted himself into the hospital to avoid going to trial. The trial court found that the husband's conduct caused the wife to suffer damages. Among other things, the trial court awarded the wife the sum of $15,000 in attorney's fees and $481 in costs attributable to the continuance.
The case went to trial several months later. At trial, the issue of whether the husband's disability insurance proceeds were a marital asset subject to division was hotly contested. The wife testified that, during the marriage, she and the husband maintained the disability insurance policy with marital funds. After they separated, the husband allowed the policy to lapse by failing to make timely payments. When the wife discovered this information, she contacted her attorney and arranged to have the policy reinstated and she began making the payments again. The trial judge relied on this information when determining that the disability benefits were a marital asset that should be divided equally between the husband and the wife.
Both the trial court and the wife rely on section 61.075(5)(a)(4), Florida Statutes (2007), as support for the conclusion that the disability insurance policy benefits are a marital asset. That section states that marital assets and liabilities include "all vested and nonvested benefits, rights and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs." § 61.075(5)(a)(4), Fla. Stat. (2007). This Court has explained, however, that a disability pension should not be considered a marital asset subject to equitable distribution. Freeman v. Freeman, 468 So.2d 326, 328 (Fla. 5th DCA 1985). This Court reasoned that the nature of the disability pension is designed to compensate the employee for lost earnings and injuries sustained on the job, and therefore, it is personal to the employee and should not be considered a marital asset. Id. Likewise, the Fourth District has stated that benefits paid to a spouse for non-economic damages such as pain *1275 and suffering, loss of future wages, and future medical expenses are the separate property of that spouse. However, any compensation paid during the marriage for lost wages or lost earning capacity is considered marital property. Stern v. Stern, 636 So.2d 735, 739 (Fla. 4th DCA 1993) (citing Weisfeld v. Weisfeld, 545 So.2d 1341, 1345-46 (Fla.1989)).
Instead of relying on these Florida cases, the trial court explained that the present situation more closely mirrored decisions from other states. Specifically, the court referenced In re Marriage of Simon, 856 P.2d 47 (Colo.Ct.App.1993), and Gnerlich v. Gnerlich, 538 N.E.2d 285 (Ind.Ct.App.1989). In Simon, the court found that Mr. Simon's proceeds from a private disability insurance policy acquired with marital funds during the marriage were subject to distribution as marital property. 856 P.2d at 51. Similarly, in Gnerlich, a disability policy offered through Mr. Gnerlich's employer was found to be substantially similar to an ordinary retirement pension, and as such, it was characterized as a marital asset subject to distribution. 538 N.E.2d at 288. Based on the reasoning in these out-of-state cases, the trial court concluded that it would be "logical and appropriate" for the instant disability insurance policy to be treated as a marital asset subject to equitable distribution.
Although Simon and Gnerlich are factually similar to the instant matter, they do not control the outcome of this case. It is clear from Weisfeld, and the cases following it, that when disability benefits are paid for the loss of future wages and future medical expenses, they are the separate property of the injured spouse. Stern, 636 So.2d at 739. In the present case, the husband is disabled because of his depression and is unable to work in the future. Therefore, the money that he will receive from his disability benefits will constitute payment for future lost wages based on his inability to work. Based on the reasoning in Weisfeld and Freeman, the disability policy was a non-marital asset and not subject to equitable distribution. See Hanks v. Hanks, 553 So.2d 340, 343 (Fla. 4th DCA 1989) (explaining that disability pension is not marital asset subject to equitable distribution); Brogdon v. Brogdon, 530 So.2d 1064 (Fla. 1st DCA 1988) (reversing award to wife of 50 percent of disability pension because benefits compensated husband for pain, suffering, disability, and disfigurement, thus, not subject to equitable distribution).
In addition to improperly distributing his disability insurance benefits, the husband argues that the trial court erred in ordering that he pay attorney's fees and costs to the wife because he filed an emergency motion for continuance one day before trial. A trial court has the authority to assess attorney's fees when one party moves for a continuance on the eve of trial and the resulting order is reviewed for an abuse of discretion. Dep't of Children & Families v. M.G., 838 So.2d 703, 704 (Fla. 5th DCA 2003); Flea Market, U.S.A., Inc. v. Cohen, 490 So.2d 210, 210 (Fla. 3d DCA 1986).
The trial court held a hearing on the husband's emergency motion for continuance, but no testimony or other evidence was presented. Nonetheless, the court awarded $15,000 in attorney's fees and $481 in costs to the wife as fees and costs attributable to the continuance. Although section 61.16(1), Florida Statutes (2007), provides that expert testimony is not required to support an award of attorney's fees and costs, such an award still requires an evidentiary basis. In this case, there was no evidence presented to support the award of the fees and costs by the trial court. Similarly, there was no *1276 evidence presented to support the trial court's finding that the husband's hospitalization was contrived to avoid going to trial. Here, the trial court acted within its discretion to grant the continuance. However, the court abused that discretion by awarding fees and costs without evidence regarding the reason for the continuance and the amount of the fees and costs.
In conclusion, the distribution of the husband's disability benefits as a marital asset and the award of fees and costs are reversed. The case is remanded for reconsideration of the wife's request for permanent alimony in view of the husband's potential disability income[1], reevaluation of the equitable distribution scheme due to the removal of the disability policy benefits from the wife's portion of the distribution, and the overall award of attorney's fees and costs to either party.
REVERSED in part, AFFIRMED in part, REMANDED.
PLEUS and MONACO, JJ., concur.
NOTES
[1] See Freeman, 468 So.2d at 328 (disability insurance benefits not subject to equitable distribution, but may be considered for spousal support).