**Debra K. MURPHY,
Petitioner-Appellant,**

v.

**James A. MURPHY,
Respondent-Appellee.**

No. 10A01–8701–CV–00009.

Court of Appeals of Indiana,
First District.

July 23, 1987.

---

William E. Smith, III, Hanger, Engebretson, Mayer & Vogt, Clarksville, for petitioner-appellant.

William C. Moyer, Steven A. Gustafson, Lorch Moyer Gesenhues & Bitzegaio, New Albany, for respondent-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Debra Murphy appeals the trial court's order distributing marital property upon the dissolution of her marriage to James Murphy. We affirm.

## FACTS

On August 15, 1986, the trial court dissolved the marriage of Debra and James Murphy. As part of its order, the court concluded that "the Husband's pending claim against Jeffboat has not been reduced to a final judgment and therefore is not marital property and that the Wife has no interest in said claim." Record at 28. That claim arose from James's employment by Jeffboat, Inc. In September of 1981, James was injured while at Jeffboat. In December of that year, James filed a claim with the United States Department of Labor under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. An administrative law judge granted benefits to James in February of 1984. Jeffboat then appealed, obtaining a stay of payment of benefits until the appeal's completion. At the time of the dissolution, the appeal was still pending before the Benefits Review Board.

## ISSUES

1. Whether the trial court erred by excluding from the marital estate the husband's unliquidated claim.

2. Whether an administrative law judge's decision in proceedings under the Longshoremen's and Harbor Workers' Compensation Act is a final judgment.

## DISCUSSION AND DECISION

*Issue One*

In Indiana divorce proceedings, the trial court must divide the marital property in a just and reasonable manner. Indiana Code section 31-1-11.5-11. In making the division, the trial court must dispose of all the marital property in one final settlement. *Whaley v. Whaley* (1982), Ind.App., 436 N.E.2d 816, 820; *In re Marriage of*

*Dreflak* (1979), 181 Ind.App. 651, 656, 393 N.E.2d 773, 776 (" 'one pot' theory"), *aff'd on rehearing*, 181 Ind.App. 657, 402 N.E.2d 1284 (1980). A settlement of property rights with certainty is the Indiana legislature's goal. *Wilhelm v. Wilhelm* (1979), Ind.App., 397 N.E.2d 1079, 1081. No part of the distribution may be conditioned upon a subsequent change in circumstances. *Whaley*, at 820; *Wilhelm*, at 1082. Since all marital property must be disposed of, the trial court must have before it a fixed, presently ascertainable value for the assets. *Sedwick v. Sedwick* (1983), Ind.App., 446 N.E.2d 8, 9; *Libunao v. Libunao* (1979), 180 Ind.App. 242, 246, 388 N.E.2d 574, 577.

In Indiana, although a chose in action is a personal property right, *McNevin v. McNevin* (1983), Ind.App., 447 N.E.2d 611, 615, *trans. denied*, it cannot be included as a marital asset due to its incapability of division. *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, 771, *trans. denied*. "The contingent and speculative nature and value of a chose in action is what makes it incapable of division and hence excluded from marital property." *Id.* at 771–72.

One Indiana case is particularly instructive. In *McNevin v. McNevin* (1983), Ind. App., 447 N.E.2d 611, *trans. denied*, during divorce proceedings, the wife had a personal injury action pending against her husband. Judge Buchanan, writing for the court, held that this was not divisible marital property. The court found it unnecessary to decide whether a tort action for personal injuries constituted a chose in action. "Even if Nancy's personal injury claim is classified as a property interest, it fails to qualify as *marital* property because it was not susceptible to division at the time of dissolution." *Id.* at 616 (emphasis in original). The court relied upon other cases holding that marital property includes only those assets in which there is a vested present interest. *Id.* Thus, the court held that since the wife's claim was not reduced to judgment at the time of final separation, it could not be considered marital property. *Id.*

We are persuaded by *McNevin* and other Indiana cases that James's compensation claim is not an asset capable of division at the time of dissolution. The amount of his recovery, if any, was purely speculative and conjectural. James did not have anything like a vested present interest. Also, his claim does not constitute an asset with a fixed, readily ascertainable value. Therefore, in fulfilling its goal of disposing all marital property in one final settlement, the trial court did not err in concluding that James's claim was not marital property.[1]

*Issue Two*

Debra argues that our resolution of the first issue is changed since an administrative law judge awarded James compensation benefits prior to the parties' separation. Debra argues that this is a final judgment and was property subject to distribution. We disagree.

All of the administrative proceedings took place under the Longshoremen's and Harbor Workers' Compensation Act. Under the Act, a compensation order becomes final thirty (30) days after filing with the deputy commissioner's office "unless proceedings for the suspension or setting aside of such order are instituted" with the Benefits Review Board. 33 U.S.C. § 921(a). An appeal to the Benefits Review Board from the deputy commissioner's award prevents such award from becoming final. *Czaplicki v. The Hoegh Silvercloud* (1956), 351 U.S. 525, 529, 76 S.Ct. 946, 949, 100 L.Ed. 1387, 1393; *Wells v. International Great Lakes Shipping Co.* (7th Cir.1982), 693 F.2d 663, 665; *Tudman v. American Ship*

---

1. We have found two cases in other jurisdictions which would prompt a contrary result. In *Heilman v. Heilman* (1980), 95 Mich.App. 728, 291 N.W.2d 183 and *Amato v. Amato* (1981), 180 N.J.Super. 210, 434 A.2d 639, both courts held that if one spouse's pending personal injury action includes a request for damages for past lost wages and medical payments, then the other spouse is entitled to a portion of a later recovery, if any. Both courts reasoned that an injury to one spouse during marriage which depletes marital funds justifies the other spouse's interest in a recovery, even if it occurs after dissolution. Regardless of the propriety of these decisions, our legislature requires one final settlement of all divisible marital property. Thus, any change in this scheme is the proper subject of legislative, not judicial, action.

*Building Co.* (7th Cir.1948), 170 F.2d 842, 843. The Benefits Review Board may stay an initial award pending a final decision. 33 U.S.C. § 921(b)(3). In the present case, the Benefits Review Board issued such a stay. Under these circumstances, the administrative law judge's initial award in favor of James cannot be considered a judgment. As of yet, there is no "obligation (as a debt) created by a decree of a court." *Turnpaugh v. Wolf* (1985), Ind. App., 482 N.E.2d 506, 509 (defining a judgment). Until the Benefits Review Board issued its decision, there was no "present,

tangible pecuniary interest capable of division." *McNevin*, at 616.[2] Therefore, the trial court did not err in excluding James's claim as marital property.

Judgment affirmed.

NEAL, J. and HOFFMAN, J., concur.

---

**2.** Furthermore, since James's claim was presented to the Benefits Review Board, he could not enforce the ALJ's order since only a "final" compensation award may be enforced in federal district court. 33 U.S.C. § 921(d).