FRANK, RICHARD H., Associate Judge.
Heidi Hoffner, the former wife, appeals from that aspect of the final judgment awarding her $100 a month in permanent alimony. We reverse.
After nineteen years of marriage the Hoffners were divorced. Two children were born of the union, one of whom has reached majority. At the time of the dissolution Heidi was employed in a clerical position with the Broward County School system receiving approximately $1,000 a month in net income. During the pendency of the dissolution proceeding, Harold, Heidi’s former husband, acquired total ownership of an insurance company in which he had previously held a one-third interest. The most current evidence of Harold’s income were bank deposits made between January and August of 1987 representing earnings of approximately $28,000 in the first eight months of that year. Harold also receives a permanent disability pension of $502 each month.
The final judgment allocated assets and obligations in the following fashion: The $15,000 bank account is split evenly. Heidi is required to pay the home mortgage of $363 until the youngest child attains majority; at that time the home is to be sold and the proceeds are to be divided evenly. The parties are responsible for their own car payments; Heidi’s payment is $336 and Harold’s payment is $266. The parties are also liable for their own attorney’s fees. Harold is required to pay $450 a month in child support.
We find the $100 a month award of permanent alimony to be an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Heidi’s uncontroverted financial affidavit places her monthly expenses at approximately $4,500. Her earning power is limited in part by a hearing disability and the fact that she possesses only a high school education. Her net monthly income appears barely adequate to satisfy her mortgage and car expenses. On the other hand, Harold’s inability to provide alimony in a greater amount is not evident from the record. For example, the affidavit he tendered as representative of his financial status does not reliably reflect the money he derives annually from his acquisition of the entire insurance business. In short, there is insufficient evidence from which to form a judgment as to his true financial status. It is manifest, however, that he has the ability to fund Heidi’s demonstrated needs beyond $100 per month.
Upon remand the trial court is to conduct an evidentiary hearing to ascertain Harold’s ability to increase the permanent alimony beyond the monthly $100. The court is also directed to determine whether and to what extent, if any, the husband’s business and disability pension are marital assets.
Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
HERSEY, C.J., and STONE, J., concur.