**William L. GNERLICH, Appellant (Petitioner),**

**v.**

**Faye GNERLICH, Appellee (Respondent).**

**No. 45A04–8802–CV–00049.**

Court of Appeals of Indiana, Fourth District.

May 24, 1989.

John M. Sedia, Highland, for appellant.

Thomas E. Rucinski, Sachs and Hess, Hammond, for appellee.

MILLER, Justice.

William L. Gnerlich appeals the property distribution in the decree dissolving his marriage to Faye Gnerlich. He contends the court erroneously included in the marital estate certain disability retirement benefits he draws from a private insurance company. We affirm.

ISSUE

William raises four issues on appeal. However, they are all variations of the same basic complaint. In order to facilitate review, we consolidate as follows:

Whether benefits from disability insurance are marital property subject to division under IND. CODE § 31–1–11.5–2(d) (Supp.1988)?[1]

## FACTS

William and Faye were married in 1953; they separated in 1987. Six children were born to the marriage. All are over 21 years of age but one still lives in the marital residence. William worked for the Union Tank Company during the marriage. Faye maintained the home and cared for the children.

William is 100% disabled as a result of bone spurs and bad knees. His disability benefits were computed to have a present value of $251,812.60 by an expert, Dr. E. James Jennings. William draws monthly benefits as follows:

(1) $956.00/month from the CNA insurance company. (Neither party has told us what CNA stands for.);

(2) $699.00/month from Social Security;

(3) $788.00/month from the Veteran's Administration;

(4) The $7,000.00 outstanding balance of the mortgage on the marital residence is primarily being paid by another disability benefit. The remaining cost to William is approximately $15.00/month.

The benefits from the CNA policy are the entire subject of this dispute. William became entitled to these benefits because he made monthly contributions to CNA through a disability retirement plan offered through his employer, Union Tank. The judge awarded Faye ⅔ or $636.00/month of this payment. William is to execute any and all necessary documents to have CNA pay Faye directly. Or, if CNA will not pay Faye directly, William is to make payments to Faye within 10 days after he receives his monthly check. Presumably, should William's disability be lifted, his disability payments would cease.

Faye received the marital residence valued at $45,000.00. The disability benefit which makes the payments on the mortgage (balance $7,000.00) is to continue to make these payments. William received the rest of his disability benefits.

## DECISION

The definition of property, as applied to effect property distributions upon divorce, is set out in IND. CODE § 31–1–11.5–2(d) (Supp.1988). It reads as follows:

"(d) The term 'property' means *all* the assets of either party or both parties, *including:*

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage, and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage." (emphasis ours)

William asserts the above definition must be strictly construed and because disability pensions are not specifically addressed, they are not intended to be marital property subject to distribution.[2] He characterizes the CNA benefits as "future income" which may not be considered as part of the marital estate subject to division. *Wilcox v. Wilcox* (1977), 173 Ind.App. 661, 365 N.E.2d 792.

The legislature amended the definition of marital property in 1985 to include a greater number of pensions. I.C.

---

1. Faye contends William has waived any error on appeal by failing to provide this court with a transcript of the proceedings below. *Mulligan v. State* (1986), Ind.App., 487 N.E.2d 1309. But, because we affirm on the merits, we need not consider this question.

2. In the recent case of *In Re Marriage of Adams* (1989), Ind., 535 N.E.2d 124, our supreme court, not addressing whether the above section was intended by our legislature to define exclusive categories of pension-type interests includable as disposable marital property, held that a policeman's pension which he had no right to collect until three months after filing the dissolution petition was nevertheless qualified as marital property under the above statute.

§ 31–1–11.5–2(d) (Supp.1988) (reproduced above). Before the amendment, retirement pensions contingent upon the retiree's survival were not considered sufficiently vested to constitute marital property. *Savage v. Savage* (1978), 176 Ind.App. 89, 374 N.E.2d 536. After the amendment, such pensions were characterized as marital property. *Sable v. Sable* (1987), Ind.App., 506 N.E.2d 495.

An examination of other types of "property" is in order. In *McNevin v. McNevin* (1983), Ind.App., 447 N.E.2d 611, we determined whether the wife's personal injury lawsuit against her former husband arising from a beating during the marriage was marital property extinguished by a dissolution decree executed pursuant to a settlement agreement. She warranted in the settlement agreement that she disclosed all property accumulated during the marriage. Therefore, had the cause of action constituted property, her claim would have been extinguished ·by the dissolution decree. We noted choses in action were generally personal property but tort actions for personal injuries were excluded from such characterization. We held:

> "[u]nlike future pension benefits, which have some approximate value, and unlike future salary, which may be estimated and discounted to present worth, an unliquidated tort claim has no present ascertainable value. Any attempt at valuation would be based upon pure speculation, requiring hypotheses as to Robert's guilt or innocence and the nature and extent of Nancy's injury, if any. Thus, we conclude that such an unliquidated

claim could not be considered in the dissolution proceedings even had it been made known. And, because Nancy's claim was not required to be considered by the trial court, her failure to disclose the claim does not preclude an independent action." *Id.*, 447 N.E.2d at 618.

In *Murphy v. Murphy* (1987), Ind.App., 510 N.E.2d 235, we determined whether the husband's pending claim against his employer under the Longshore and Harbor Workers' Compensation Act was marital property subject to division. We held:

> "[w]e are persuaded by *McNevin* and other Indiana cases that James's compensation claim is not an asset capable of division at the time of dissolution. The amount of his recovery, if any, was purely speculative and conjectural. James did not have anything like a vested present interest. Also, his claim does not constitute an asset with a fixed, readily ascertainable value. Therefore, in fulfilling its goal of disposing all marital property in one final settlement, the trial court did not err in concluding that James's claim was not marital property." *Id.* 510 N.E.2d at 237.

The Illinois Court of Appeals determined disability pensions were marital property subject to division under their governing statutory definition. *In Re Marriage of Smith* (1980), 84 Ill.App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884. The Illinois statute defined marital property to include all property acquired during the marriage subject to certain exceptions not relevant to our discussion.[3] The court noted, after review-

---

**3.** The Illinois statute, as applied in *Smith, supra,* reads as follows:

> "(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':
> (1) property acquired by gift, bequest, devise or descent;
> (2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent;
> (3) property acquired by a spouse after a judgment of legal separation;
> (4) property excluded by valid agreement of the parties;

> (5) the increase in value of property acquired before the marriage; and
> (6) property acquired before the marriage.
> (b) All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage or declaration of invalidity or marriage is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section." (Ill. Rev.Stat.1977, ch. 40, par. 503) *Id.* 405 N.E.2d at 885, 886.

ing a plethora of authority, disability pensions contain a compensatory element characteristic of separate, nonmarital property —the compensation for the dimunition of the earning capacity of the disabled spouse. Nevertheless, the court held:

"[t]he disability pension at bar differs from such longevity pension only in its compensatory element, its mode of inception and possibly its duration. Given the classificatory directive of [the Illinois statute], we hold the disability benefits at bar to similarly constitute marital property." *Id.* 405 N.E.2d at 890.

The value of William's disability pension is readily ascertainable and susceptible to division. Its nature is no more contingent or speculative than an ordinary retirement (longevity) pension—except for one contingency. The benefits depend on William's continued disability. However, because Faye was awarded a percentage of each payment, her interest expires with William's. This contingency does not make William's disability pension speculative or conjectural such that it may not be characterized as a marital asset under the rationale of the *McNevin, supra,* and *Murphy, supra,* decisions.

Our definition of property, I.C. § 31–1–11.5–2(d), states that "all" the assets "including" the various pension interests are to be considered marital property subject to division. This definition would appear to be as broad, if not more so, than the Illinois statute which characterizes all nonexcepted property as marital property. We agree with *Smith, supra,* that a disability is so substantially similar in nature to an ordinary retirement pension to be appropriately characterized as marital property subject to division.

Therefore, we affirm.

CONOVER, P.J., and GARRARD, J., concurring.