577 So.2d 703 (1991)
Harold HOFFNER, Appellant/Cross Appellee,
v.
Heidi HOFFNER, Appellee/Cross Appellant.
No. 90-0802.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Jerome F. Pollock, Hollywood, for appellant/cross appellee.
Steven R. Burk, Fort Lauderdale, for appellee/cross appellant.
POLEN, Judge.
Appellant, Harold Hoffner, brings this appeal from the lower court's order modifying a final judgment of dissolution of marriage, after this court reversed the final judgment and remanded in Hoffner v. Hoffner, 541 So.2d 784 (Fla. 4th DCA 1989). We affirm the order modifying the final judgment as to the court's findings regarding the parties' income and the award of permanent periodic alimony. We write only to address the lower court's treatment of the disability pension.
*704 In Hoffner, this court remanded, directing the lower court, in part, "to determine whether and to what extent, if any, the husband's ... disability pension" was a marital asset. Id. at 785. In retrospect, we may have misled the trial court and, thereby, the parties. A pension which a spouse will realize in the future may or may not be a marital asset. However, we are of the view that a disability pension upon which a spouse is presently receiving benefits, by its very nature replaces future lost income, and thus is not a marital asset subject to equitable distribution.
Unlike the situation of a lump sum payment as in Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla. 1989), there was no proof that the payments on this disability pension had any component which Weisfeld would have identified as being a marital asset. Therefore, while it may be a source of alimony, see Hanks v. Hanks, 553 So.2d 340 (Fla. 4th DCA 1989), it is not a marital asset subject to equitable distribution.
After conducting an evidentiary hearing, the lower court issued its order modifying the final judgment, and awarding the wife $100.00 per month from the husband's approximately $500.00 per month disability pension plan, with payments to continue as long as the husband received payments under the pension plan. Apparently the trial court did what it was directed to do, and in that respect it cannot be faulted; however, the result of this modification is that the husband's monthly pension is treated as an asset, such that the wife's entitlement to $100.00 per month will continue even after remarriage. That is where the court erred. The fault is ours, not hers.
If the trial court meant to say that the $500.00 per month payment as received during the marriage became marital property, jointly available to meet the parties' expenses, then the trial court properly could have included this $500.00 per month as part of the husband's income, and the $100.00 per month award to the wife could have been designated as an additional permanent periodic alimony award. Such award would terminate on the wife's remarriage or on the death of either party. We would have affirmed such a result, and on remand the trial court is welcome to consider this alternative.
With reluctance, we reverse that portion of the order modifying the final judgment of dissolution of marriage which addresses the disability pension, and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STONE and WARNER, JJ., concur.