Argued and submitted December 9, 1992, judgment modified and remanded in part; otherwise affirmed August 4, 1993

In the Matter of the Marriage of

Peggy Lee HOAG,
*Appellant,*

*and*

Michael Raymond HOAG,
*Respondent.*

(C90-2477DR; CA A73445)

857 P2d 208

Sharon E. Kelly, Portland, argued the cause for appellant. With her on the brief were Michael P. Opton and Opton, Galton & Rosenthal, Portland.

Gay Canaday, Lake Oswego, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau,* Judges.

LANDAU, J.

---

* Landau, J., *vice* Riggs, J.

## LANDAU, J.

Wife appeals from a judgment of dissolution, assigning error to the trial court's division of property and its award of spousal support and child support. We review *de novo*, ORS 19.125(3), and modify the judgment.

The parties were married for 18 years. At the time of trial, husband was 41 years old and wife was 39. They have two children, ages 16 and 10.

Husband practiced dentistry for 13 years, until he became disabled due to psoriatic arthritis. Since then, he has received disability insurance benefits from three policies. One policy pays $1,000 per month until husband reaches age 65; a second pays $1,800 per month, plus cost of living adjustments, until age 65 and $900 per month thereafter; a third pays $3,000 per month for life. All of the disability income is tax free. Husband also works as a high school coach, earning an average of $217 per month.

Wife has a high school education. For several years before the marriage, she worked for a collection agency, first as a clerk and typist, later as the director of the legal department. She also worked for several attorneys. After the birth of the parties' first child, wife worked as a homemaker and did babysitting. She later started a preschool, which she has operated on a full-time basis for 13 years. Her net profit from the preschool is approximately $400 per month. Wife testified that she had an interest in going to college to become an elementary school teacher. She and a vocational rehabilitation counselor estimated that it would take wife up to five years to complete her education, and that ultimately she would be able to earn up to $2,000 per month.

At the time of trial, the parties owned substantial assets, including a family home with an equity of $55,000, a dental building with an estimated equity of $90,000, financial accounts worth approximately $68,000, the preschool and its building with an equity of $1,000, several IRAs, cars and other items of value.

The trial court split the marital assets roughly equally, with wife receiving a slightly longer half. In making

the distribution, the trial court explicitly found that husband's disability payments were not a marital asset, and instead were treated as personal income. Wife received custody of the two children along with a child support award of $600 per child. Wife also was awarded spousal support in the amount of $1,500 per month for three years.

Following the trial court's decision, wife moved to reopen the hearing to allow evidence of the inadequacy of the spousal support award. That evidence consisted principally of tax returns and other information concerning the parties' incomes, along with additional testimony concerning wife's health and health-related needs. The trial court denied the motion.

■■ Wife assigns error to the denial of her motion to reopen the record. Although we review equitable proceedings *de novo*, we review such procedural rulings made in those equitable proceedings only for an abuse of discretion. *State v. Pieretti*, 110 Or App 379, 382, 823 P2d 426 (1991), *rev den* 313 Or 354 (1992). Wife argues that she failed to present all of the evidence that she could have offered concerning the amount and duration of spousal support and that the trial court should have exercised its discretion in allowing her to supplement the record as she requested. She does not, however, explain why that additional evidence was not offered in the first place. We find no abuse of discretion, and we do not consider any of the additional evidence in our review of the merits.

■ Wife also assigns error to the trial court's award of spousal support in the amount of $1,500 per month for three years. She argues that the trial court should have awarded indefinite support of $2,800 per month. Although we do not agree with wife's proposed support figure, we do agree that the trial court's award is insufficient.

■■ In determining an award of spousal support, we attempt to arrive at "such amount of money for such period of time as it may be just and equitable" for husband to contribute. ORS 107.105(1)(d). Our goal is not necessarily to equalize the parties' incomes or to enable wife to look indefinitely to husband for support. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991).

Instead, we evaluate all of the relevant circumstances and set an award at a reasonable amount, one that will provide wife a standard of living that is "not overly disproportionate" to what she enjoyed during the marriage. ORS 107.105(1)(d)(F); *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977).

Husband receives a substantial income, nearly all of which is exempt from taxation. Wife earns a small fraction of that amount. She has been out of the job market for at least 13 years, during which time she worked as homemaker and primary caretaker of the children. Wife has a high school education. Although she has expressed an interest in becoming an elementary school teacher, such a career change would require up to five years of education. It is unlikely that spousal support of $1,500 for three years would be adequate to enable her to attain that goal.

We do not, however, find that indefinite support is in order. Wife is relatively young. She was gainfully employed before her marriage, and she operated a successful business of her own for 13 years during the marriage. There is no evidence that she had forgone career opportunities because of her marriage. She has custody of the two children, but both are in school and are at ages at which their needs should not unduly interfere with her educational plans.

Under the circumstances, we find that an award of $2,000 per month for four years, followed by $1,000 per month for three years, is just and equitable. That award should enable wife to complete her education and to make the transition to self-sufficiency at an income level that is reasonable in the light of the standard of living she enjoyed during marriage.

■ Wife next assigns error to the trial court's award of child support in the amount of $600 per child. According to wife, the trial court erred in using husband's disability insurance benefits to calculate child support without making a substantial upward adjustment to account for the tax-free nature of those benefits. Given our modification of the spousal support award, the trial court already will be required to recalculate the child support award. Nevertheless, we will

address wife's argument, because the issue will arise on remand.

The Oregon Child Support Guidelines require the court to calculate child support on the basis of the combined "gross income" of the parties, which the guidelines define as including

"salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes and alimony or separate maintenance received." OAR 137-50-340(1).

The guidelines specifically include disability insurance benefits. They do not, however, explicitly require the court to consider the potential tax consequences of that, or any other, category of payments or benefits. Wife argues that we should infer such a requirement, because the guidelines require the use of "gross" income to perform the calculations. We decline to do so.

While the guidelines do refer to "gross" income, they define the term without regard to tax consequences. Pension or annuity payments under the federal Social Security Act, for example, are categorically excluded from gross income for federal tax purposes. 26 CFR § 1.61-11(b). Nevertheless, the guidelines include "pensions, * * * annuities, * * * and social security benefits," without any requirement that those benefits be adjusted to account for their tax-free nature. Similarly, accident or health benefits that are attributable to contributions of the employee generally are excludable from gross income for federal tax purposes. 26 CFR § 1.72-15(c). Yet the guidelines include "disability insurance benefits," again without any indication that adjustments are required to account for federal tax treatment. The absence of any such language strongly suggests that no such adjustments are required. Therefore, on remand, the trial court will not be required to artificially increase husband's income in calculating the child support award.

■    Finally, wife assigns error to the trial court's conclusion that husband's disability insurance benefits are not marital assets. She argues that it is simply unfair to allow

husband to enjoy the tax-free income that she helped to pay for and that we should remedy that unfairness either by substantially increasing her spousal support or by adjusting the division of assets. Under certain circumstances, disability payments may be treated as a marital asset. If, for example, the payments are intended to provide something more than wage replacement for one of the parties, it may be appropriate to treat them as a marital asset. *See, e.g., Cavilee and Cavilee*, 21 Or App 506, 512, 535 P2d 774 (1975); *see also* Golden, *Equitable Distribution of Property* §§ 6.24-6.27 (1983 & 1992 Supp). Wife, however, offers no evidence that husband's disability insurance benefits were intended to provide anything other than replacement of his lost income. Indeed, she argues that the "express purpose" of the payments was "to preserve the family's lifestyle in the event of husband's disability." We find no basis for altering the trial court's treatment of husband's disability insurance benefits.

Judgment modified to award wife spousal support of $2,000 per month for four years, commencing upon entry of appellate judgment, followed by $1,000 per month for three years; remanded for recalculation of child support; otherwise affirmed. Costs to wife.