Argued and submitted May 12, remanded with instructions to modify judgment; otherwise affirmed August 18, 1993

In the Matter of the Marriage of

Terry L. HUMPHREY,
*Appellant,*
*and*

Elizabeth L. HUMPHREY,
*Respondent.*

(91DM0794; CA A75222)

857 P2d 903

Mark A. Johnson, Portland, argued the cause for appellant. With him on the briefs was Gevurtz, Menashe, Larson, Kurshner & Yates, P.C., Portland.

Sharon L. Hockett, Roseburg, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

■ Husband appeals from a dissolution judgment. He assigns error to the court's award of one-half of his disability income to wife. Wife offered no evidence that the payments were intended to provide anything other than income replacement. Therefore, the court erred in treating the payments as part of the marital property division. *Hoag and Hoag*, 122 Or App 230, 857 P2d 208 (1993).

■ Husband also assigns error to the court's order of permanent spousal support. Wife testified that she "could become self-supporting at a moderately successful level" after completing a nursing program. In the light of the standard of living that the parties enjoyed during the marriage, wife's age, her work history after the parties separated,[1] and her educational and career goals, we find that she will be able to enjoy a standard of living not overly disproportionate to that enjoyed during the marriage after completing her education. We modify the spousal support award to provide that wife receive spousal support of $850 per month for four years beginning on the date of the trial court judgment. Husband's other arguments do not require discussion.

Remanded with instructions to modify judgment to delete awards of disability income and permanent spousal support to wife and to award spousal support to wife of $850 per month for four years, commencing on date of trial court judgment; otherwise affirmed. No costs to either party.

---

[1] The parties separated in the spring of 1990. Although wife was unemployed at the time of the trial, she earned approximately $14,000 in 1990 and $16,000 in 1991. The trial court found, and we agree, that husband has the potential to earn more than $45,000 per year.