Argued and submitted June 20, affirmed December 27, 2000

In the Matter of the Marriage of

Vivian HOWELL,
aka Vicky Hooyman,
nka Vivian M. Howell-Hooyman,
*Respondent,*

*and*

Dennis R. HOOYMAN,
*Appellant.*

(89C-32030; CA A106466)

16 P3d 1173

Christopher J. Eggert filed the brief for appellant.

John Case argued the cause for respondent. On the brief was Gilbert B. Feibleman.

Edmonds, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

EDMONDS, P. J.

---

**EDMONDS, P. J.**

Husband appeals the trial court's modification of the child support award in this case. ORS 107.135(1)(a). He argues that, rather than increasing his obligations, the court should have reduced them. We affirm.

Wife received custody of the parties' two children in 1989 as part of the dissolution of their marriage. At the same time, the court divided the parties' property, awarded wife an equalizing judgment against husband, required husband to pay child support and awarded wife attorney fees. Since then, there has been additional litigation over a number of issues. Among other things, that litigation resulted in further awards of attorney fees in wife's favor. Husband, who is totally disabled, has not paid the equalizing judgment or any of the attorney fee awards; in 1997, he discharged all of his marital and other nonchild support obligations, which exceeded $100,000, in a chapter 7 bankruptcy. His current child support payments are made through mandatory deductions from his income, which consists primarily of Veterans Administration and Social Security disability payments that approximate $3,583 per month. Wife has gross monthly income from her employment of $2,504.

In 1995, the court increased the award of child support to $722 per month, an action that we affirmed on appeal. *Howell-Hooyman and Hooyman,* 143 Or App 313, 922 P2d 1263, *rev den* 324 Or 394 (1996). In November 1998, husband moved to have the award reduced, and wife responded by seeking an increase. After a hearing in April 1999, the court increased the award to $841 per month, although the presumed support level was $624.54 per month. In doing so, the court recognized, among other things, that, as a result of husband's bankruptcy, the equalizing judgment would not be satisfied. Instead, wife must pay a number of debts, including sizeable attorney fees arising from this litigation, that the court had previously ordered husband to pay. Husband's assignments of error deal with alleged errors in the court's adjustment of his support obligation.

In his first assignment of error, husband attacks the trial court's failure to follow the procedure established in

OAR 137-050-0405 for taking into consideration the Social Security income that wife receives directly on account of the children. The difficulty with husband's argument is that the rule on which he relies did not become effective until March 1, 1999. Husband initiated this proceeding in November 1998. OAR 137-050-0335 provides that new rules, repealed rules, and amended rules concerning the formula for determining child support "shall be applied to the computation of child support obligations on actions in which the initiating motion or petition is filed with the court * * * after the effective date of these rules."[1] The court correctly declined to apply OAR 137-050-0405.

■      In his second assignment of error, husband argues that the trial court failed to consider money and services that wife's current domestic partner contributes when it raised husband's child support obligation above what the formula would otherwise provide. In light of wife's overall situation, and of the irregularity and uncertainty of those contributions, the court did not err.[2]

■      Finally, husband argues that the trial court erred when it adjusted his income upward to reflect the fact that it is not subject to income tax.[3] OAR 137-050-0330(2)(a) authorizes a trial court to adjust the presumed amount of child support (the amount that the formula would provide) if the presumed amount is unjust or inappropriate under the criteria that the rule describes. Under OAR 137-050-0330(2)(a)(O),

---

[1] Before March 1, 1999, OAR 137-050-0335 provided that new rules applied only to computation of child support "on actions initiated after the effective date of these rules." The rule was amended at the same time as the adoption of OAR 137-050-0405 to provide that changes applied only "on actions in which a motion or petition, other than a petition for de novo review" is filed after the effective date of the change. 38 *Or Bulletin* No. 2, 113 (Feb 1999). The rule was further amended to its current version effective September 1, 1999. 38 *Or Bulletin* No. 10, 88 (Oct 1999). Because OAR 137-050-0405 does not apply to this proceeding under any version of OAR 137-050-0335, we do not need to decide which is the governing version for this case.

[2] The third assignment of error concerns the trial court's failure to apply OAR 137-050-0400, concerning nonjoint children, to the $180 per month that husband gives to his daughter by a previous marriage. However, that daughter is 21 years old, and the payments are, thus, not the result of father's legal responsibility for the daughter. The rule does not apply.

[3] Husband testified that some of his income is actually taxable but that the taxable amount is too low to require him to file a tax return.

one of those criteria is the "tax advantage or adverse tax effect of a party's income or benefits[.]" In *Hoag and Hoag*, 122 Or App 230, 235, 857 P2d 208 (1993), we declined to read into the rules a requirement to consider the tax consequences of the nature of a party's income in determining that party's gross income. However, as husband notes, we decided *Hoag* before the adoption of OAR 137-050-0330(2)(a)(O). Although that rule does not change the computation of gross income for purposes of the basic child support formula, it does permit the trial court to take the taxable or nontaxable nature of a party's income into account in determining whether to adjust the level of the support that the formula would otherwise provide. In light of the overall financial situation of the parties, the trial court did not err in doing so in this case.

Affirmed.