Argued and submitted July 17, reversed and remanded to recalculate child support award; otherwise affirmed September 24, 2008

In the Matter of the Marriage of

Steve Carl SOUTH,
*Petitioner-Respondent,*
*and*

Donna Jean SOUTH,
nka Donna J. Fraser,
*Respondent-Appellant.*

Curry County Circuit Court
95DM0125; A131770

193 P3d 1026

Clayton C. Patrick argued the cause and filed the briefs for appellant.

Elaine D. Smith-Koop argued the cause for respondent. With her on the brief was Elaine D. Smith-Koop, L.L.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Mother appeals the trial court's modification of child support in this case. ORS 107.135(1)(a). The court reduced the amount of child support that father pays to mother, from $760 per month to $498 per month. We write to address mother's fourth and fifth assignments of error, rejecting, without discussion, mother's remaining assignments.

■       In her fifth assignment of error, mother argues that, in calculating child support, the trial court should not have increased her monthly income from $2,345 to $3,110 to reflect the fact that her income is nontaxable. We agree with the trial court that that upward adjustment of mother's income was appropriate. *See* OAR 137-050-0333(1)(o); *Howell and Hooyman*, 171 Or App 545, 548-49, 16 P3d 1173 (2000); *rev den*, 332 Or 239 (2001). That number, incorporated into the child support computation formula, yields a total monthly child support obligation of $624 owed to mother. The court explained that much in its letter opinion to the parties.

■       Ultimately, however, as mother asserts in her fourth assignment of error, the trial court entered a supplemental judgment that awarded a monthly payment of $498 to mother, not $624, without adequately explaining how it had arrived at the lower figure. The amount of the difference—$126—equals the monthly amount of all uninsured medical costs attributed to mother. In the supplemental judgment, the court found that mother "is responsible for all uninsured medical costs for the parties['] minor children. $126 was factored into the child support calculations." Hence, it appears that the court simply subtracted those costs from the $624 figure that the child support computation formula had generated. However, the record contains no findings or explanation by the court of how or why it deviated from the child support formula in the manner that it did. *See* ORS 25.280 (amount generated by child support formula presumed to be correct absent written or specific finding in the record justifying departure from that amount).

Because the trial court did not adequately explain how it arrived at the $498 figure, we cannot review its decision. Nor is it appropriate for us to calculate the proper amount of child support in the first instance on appeal. Accordingly, we remand to the trial court to recalculate child support.

Reversed and remanded to recalculate child support award; otherwise affirmed.